JOHN D. WILLIAMS *et al.*, Executors of DUNCAN MURCHISON,
*v.* MARY A. MUNROE.

The widow cannot, as a purchaser of land from the Assignee of her husband, a bankrupt, set up title against the .purchaser under a deed in trust executed by her husband several years prior to his bankruptcy.

The negligence and unfaithfulness of the trustee in a deed in trust, in which both personal and real property were conveyed, in not selling the personalty first, as required in the said deed, cannot be made a question between the purchaser of the land under the deed in trust, and those who succeed to the· rights of the bargainor in such deed. Their remedy, if they have any, must be pursued against the trustee.

The .widow of the bargainor, in a deed in trust, executed in 1859, who was married before the execution of such deed in trust, cannot claim dower against the purchaser under such deed.

[The cases of *McNeil* v. *Riddle*, 66 N. C. Rep. 290, and *Walke and wife* v. *Moody*, 65 N. C. Rep. 599, cited and approved.]

This was a civil action to recover a tract of land tried before his Honor, *Buxton, J.*, at CUMBERLAND Superior Court, Spring Term, 1872.

The case, so far as a statement of it is necessary to the proper understanding of the opinion of this Court, was as follows.

The plaintiffs claimed as executors and by virtue of a power in the will of Duncan Murchison, who had purchased the land in question at a sale made in March 1870, by John D. Williams, one of the plaintiffs as trustee in a deed of trust executed by Christopher Munroe, to secure a debt due to Murchison, Reid & Co., a firm of which the said Duncan Murchison was a partner.

In the deed in trust which bore date 25th April, 1859, it was declared that it was made subject to the satisfaction of a mortgage executed before that time, to wit, the 5th day of December, 1856, between the said Christopher Munroe of the first part and Duncan Murchison and others of the second

part, this mortgage, it was alleged by the plaintiffs, had been discharged before the sale under the deed in trust. Besides the land, seventeen slaves were embraced in the deed in trust.

On the part of the defendant it appeared that Christopher Munroe was, upon his own petition, declared a bankrupt in January 1869, that shortly thereafter an assignee was appointed who sold the land in controversy, when it was purchased by the defendant, who was the widow of the said bankrupt, he having died a short time before. His Honor was asked to charge the jury that the plaintiffs could not recover, for the following reasons:

1. Because Christopher Munroe, through whom the plaintiffs claim, had on the 5th December, 1856, by deed of mortgage, conveyed the land to Duncan Murchison and others in trust, with directions to reconvey the residue after the payment of the debts, the title was still outstanding in the mortgagee, at the date of the deed of trust to John D. Williams, and there never had been any reconveyance.

2. Because the heirs or devisees as such of Duncan Murchison should have continued the prosecution of the suit, and not his personal representatives, who, it was contended, had no power given them to sue for and recover land.

3. Because the value of the slave property, which was directed to be sold first by the deed in trust, was greatly in excess of the debts secured, and that such slaves ought to have been sold, and it was laches in the trustee not to have sold them, which laches affected the rights of the other creditors of Christopher Munroe, to which rights the defendant had succeeded by reason of her purchase, from the assignee in bankruptcy, of the land of her said husband.

4. Because the power to sell the slaves and other property being by deed between the parties, the agreement to extend the time of sale, which was given by parol to the trustee, should have been given in writing, which not being done,

the trustee, or the *cestui que trusts*, should be at the loss inci-
dent to the emancipation of the slaves, and they should not be
allowed to have recourse to the land.

5. Because the sale by the trustee occurred after the death
of Christopher Munroe, and inasmuch as the deed in trust
required that the slaves should be sold first, the heirs of Chris-
topher Munroe were entitled to notice.

6. Because the defendant, being the widow of Christopher
Munroe, was entitled to dower.

In his charge to the jury, his Honor submitted two ques-
tions of fact to the consideration of the jury. 1st., Were the
debts secured by the mortgage paid and satisfied before the sale
made under the deed in trust, as testified by one of the witnes-
ses; 2d, Were the slaves retained in the possession of Chris-
topher Munroe after the execution of the deed of trust, and the
sale of them under the said deed postponed by the trustee at
the instance of Christopher Munroe with the concurrence of
the *cestui que trusts* until their emancipation thus rendering
recourse to the land necessary to pay the debts secured by the
deed in trust. These questions of facts were found in the
affirmative, and the plaintiffs obtained a verdict and judgment
from which the defendant appealed.

*B. & T. C. Fuller*, for the plaintiffs.
*W. McL. McKay*, for the defendant.

BOYDEN, J. Several questions in this case were discussed by
defendant's counsel, which this Court holds cannot be raised in
this action, as now constituted. The action is against the widow
of the bargainor in a deed of trust, under which a sale was
made and the land purchased by the plaintiffs' testator.

The defendant in this case can set up no defence which could
not be set up by the bargainor in the deed of trust.

The widow, the defendant in this case, can set up no defence
not allowed her husband. This is settled by the case of *Mc-*

*Neill* v. *Riddle*, 66 N. C. R. 290. In that case the widow, in the lifetime of her husband, had purchased the land at a Sheriff's sale, under a judgment and execution subsequent to the making the deed of trust. It was held that her possession could not be adverse to the trustee or to a purchaser under the trust. So here, although the bargainor had been declared a bankrupt subsequent to the execution of the deed of trust, and the bargainor's interest in the land had been sold by the assignee and purchased by the widow, the defendant; still, her title, if any, thus acquired could not be set up as a defense to this action. The purchaser from the assignee in bankruptcy could stand in no better condition than a purchaser at Sheriff's sale under a judgment and execution. *Walke and wife* v. *Moody et al.*, 65 N. C. R. 599. The Sheriff, or the assignee, could sell only such interest as the bargainor in the trust had, and all that was subject to the prior right of the purchaser under the trust.

The defendant, in her answer, sets up the deed of trust under which the plaintiffs claim, and alleges, that this deed of trust, besides the land in controversy, conveyed some seventeen valuable slaves, that these slaves were ample for the payment of the debts secured in the trust, and were to be first sold; and that the trustee was guilty of negligence and unfaithfulness in not selling the slaves, and paying the debts out of the proceeds of such sale. What claim there may be against the trustee for negligence or unfaithfulness, cannot be made a question in this case; and parties interested must pursue their remedy against the trustee, if they have any.

The fifth defense set up in the answer of the defendant cannot be made in this action—that the plaintiffs' testator was a member of the firm of Murchison, Reed & Co., and one of the trustees in the deed of trust of Christopher Munroe, and therefore could not become a purchaser at his own sale. The deed of trust is to John D. Williams alone, the plaintiffs' testator

being one of *cestui que trusts* in said deed; but if it were as alleged it would not avail the defendant.

The seventh defence set up, to wit: that the husband, at his death, had an equitable interest in the lands, and that his wife was entitled to be endowed of that equity, cannot avail the defendant, as the deed of trust, under which the plaintiffs claim, was made subsequent to the marriage of the defendant with the bargainor in trust.

His Honor submitted two, and only two, questions to the jury. " First, was the Bank debt of Christopher Munroe, upon which Duncan Murchison, Alexander Murchison and Archibald Graham were endorsers, and to indemnify whom the deed of mortgage was made to them as mortgagees, of the 5th of December," 1856, paid and satisfied in the manner testified by John D. Williams?

" Second. Were the slaves retained in possession of Christopher Munroe after the execution of the deed of trust to John D. Williams, trustee, of the 25th April, 1859, and the sale under the trust postponed by the trustee, at the instance of Christopher Munroe, with the concurrence of the *cestui que trusts* until emancipation, thus rendering recourse to the land necessary to pay the debts secured in the trust?"

Both the questions thus submitted to the jury were found in favor of the plaintiffs, and if his Honor erred at all it was not against the defendant.

There is no error. This will be certified.

PER CURIAM.　　　　　　　　　　Judgment affirmed.