### DANIEL H. LAMBERT *v.* N. R. KINNERY.

The title to the homestead is vested in the owner by the Constitution of this State, and no allotment by the sheriff is necessary to vest the title thereto. The allotment by the sheriff is only for the purpose of ascertaining whether there be an excess of property over the homestead which is subject to execution.

The title to a homestead can be divested from the owner only in the mode prescribed by law, to wit, by deed, with the consent of the wife evidenced by her privy examination.

Where, in an action for the recovery of land, the defendant upon affidavit is allowed to defend the action without giving security for cost, he is neither exempted from paying cost, if judgment be rendered against him, nor prevented from recovering cost.

(*Abbott* v. *Cromartie* 72 N. C. Rep. 292; *Duval* v. *Rollins,* 71 N. C. Rep. 218; *Crummen* v. *Bennett,* 68 N. C. Rep. 494; *Lute* v. *Reilly,* 65 N. C. Rep. 20, cited and approved )

CIVIL ACTION, in the nature of Ejectment, tried before his Honor, Judge *Kerr,* at Spring Term, 1875, of the Superior Court of RANDOLPH county.

The defendant, upon certificate of counsel and affidavit, was allowed by the court to defend the action without bond.

The plaintiff claimed title to the *locus in quo* as a purchaser at sheriff's sale.

To this the defendant replied, that he was a resident of this State ; that the *locus in quo* was the only real estate that he owned, and that no homestead had been allotted to him prior to the levy and sale thereof by the sheriff.

The plaintiff demurred to the answer, insisting as ground of demurrer, that the defendant is estopped from denying the title of the plaintiff by the levy, deed and sale of the sheriff ; that the plaintiff was entitled to recover, notwithstanding the failure of the sheriff to allot a homestead to the defendant, and that the defendant's remedy is against the sheriff and not against the plaintiff.

His Honor, upon the hearing, overruled the demurrer and the plaintiff excepted.

The plaintiff was then allowed by the court to file a reply, whereupon the following issue was submitted to the jury :

Did the defendant waive all right to a homestead in the land, the subject of this action ?

In behalf of the plaintiff, there was evidence tending to show, that after the land was levied upon and advertised for sale, and before the sale, in a conversation with the sheriff, the defendant said the land did not belong to him and he had no interest in it, and he, the sheriff, might sell it. The sheriff had no conversation with the defendant with regard to the land until after the day of the levy.

The plaintiff was introduced in his own behalf and testified that on the day of sale, at the court house, when the land was about to be sold, the defendant said to the sheriff, in the presence of the bystanders, " that the land did not belong to him ; that he had sold it to his cousin William Kinnery ; to put it up and sell it for the plaintiff to buy it, and he would buy a long law suit," &c. The land was then claimed by William Kinnery and the sale forbid by him.

The defendant was introduced in his own behalf and testified, that at the time of the levy and sale he was a citizen of

this State, and that he still is. He has a family consisting of a wife and two children.

His Honor charged the jury, that the evidence, if believed, did not oust the defendant of his right to a homestead in the land, and did not amount to a waiver of his right. That the defendant could not waive his right to a homestead by parol, but it must be done in writing and his wife must join him in such waiver. The plaintiff excepted.

There was a verdict for the defendant, and, upon motion, judgment was entered against the plaintiff for costs. From this judgment the plaintiff appealed, assigning as error, the exceptions before stated, and also that the court erred in rendering judgment against the plaintiff for cost.

*Battle & Son*, for the appellant.
*Scott & Caldwell*, contra.

BYNUM, J. 1. We had supposed that it was well settled, in this State, that the homestead of a resident was exempted from sale under execution, and that only the excess after laying off the homestead, was the subject of such sale. Const., Art. X, sec. 2 ; and that it was the duty of the officer having the execution, first, to lay it off, and then levy upon the excess, if any. This allotment of a homestead by the sheriff, was not required in order to vest the title to it in the owner, for that is done by the Constitution, but for the purpose of ascertaining if there was any excess, which only was the subject of levy and sale. Bat. Rev., chap. 55, secs. 1, 5, 17, 26 ; *Abbot v. Cumartie*, 72 N. C. Rep., 222 ; *Lute v. Reilly*, 65 N. C. Rep., 20 ; *Crummen v. Bennett*, 68 N. C. Rep., 494 ; *Duval v. Rollins*, 71 N. C. Rep., 248.

2. As to waiver and estoppel: The defendant, having a vested estate in the homestead, conferred by the Constitution, can lose or part with it only in the mode prescribed by law,

to-wit: by deed, with the consent of the wife, evidenced by her privy examination. Const., Art. X, sec. 8.

His Honor, therefore, was correct, both in overruling the demurrer and in his charge to the jury on the trial.

3. Costs: The defendant, by the order of the proper court, was allowed to defend without giving security for costs. This does not exempt him from paying his own costs, nor prevent him from recovering them from the plaintiff on the prosecution bond. His only privilege is, that being unable to give a bond for costs and damages, he is allowed to defend the action without filing the bond. Bat. Rev., chap. 17, sec. 382.

There is no error.

Per Curiam.                                        Judgment affirmed.