ELIAS J. JENKINS v. WILLIAM O. BOBBITT.

*Homestead Estate--Reversionary Interest--Deed--Assent of Wife.*

1. A married woman has no interest or estate in the reversion which takes effect after a homestead estate; *Therefore*, the assent of the wife is not necessary to give validity to a deed of the husband conveying such estate in reversion.

2. Under Art. X § 8 of the Constitution the assent of the wife is necessary to a disposition of the *homestead* estate.

(*Hinsdale* v. *Willliams*, 75 N. C. 430, cited and approved.)

CIVIL ACTION tried at August Special Term, 1876, of GRANVILLE Superior Court, before *Seymour, J.*

This action was brought to foreclose a mortgage, and a jury trial being waived by the parties, His Honor found the following facts:

1. On the 23d of January, 1874, the defendant executed to the plaintiff a mortgage on certain lands in the County of Granville to secure a debt of $500 which he owed to plaintiff.

2. The mortgage deed was without the consent, signature, or private examination of the defendant's wife.

3. Previous to the execution of the mortgage, the said land was, upon petition of defendant and in conformity to the Act of Assembly in such case made and provided, assigned to him as his homestead, and the defendant with his wife and one minor child is now living thereon.

4. The defendant was married to his said wife in 1851, and bought the land in controversy in 1858.

5. The amount due plaintiff in the indebtedness which said mortgage was given to secure, is $500 with interest from the 23d of January, 1874.

Upon these facts His Honor held, that the deed conveying said lands was invalid upon the ground that the wife did

not assent thereto, and that plaintiff was not entitled to judgment of foreclosure, but was entitled to judgment for the amount due with interest. From so much of said judgment as refused an order for foreclosure, the plaintiff appealed.

*Messrs. J. B. Batchelor, L. C. Edwards*, and *Merrimon, Fuller & Ashe*, for plaintiff.
*Messrs. Busbee & Busbee*, for defendant.

PEARSON C. J.    Previous to the execution of the mortgage mentioned in the pleadings, the homestead of the defendant had been duly assigned in the land. The question is,—was a conveyance of the land subject to the homestead valid to pass the reversion? His Honor ruled that the conveyance was invalid for want of the assent of the wife of the defendant.

The wife has no estate, interest or concern in the reversion. It does not take effect in possession until after the termination of the homestead estate. So we are at a loss to see on what ground the assent of the wife should be necessary, in order to give validity to the deed of the husband, by which he conveys his estate in reversion. We learned on the argument that the opinion of His Honor was based on what he conceived to be the proper construction of the Constitution, Art. X, § 8 : "Nothing contained in the foregoing sections of this article shall operate to prevent the owner of a homestead from disposing of the same by deed ; but no deed made by the owner of a homestead shall be valid without the voluntary signature and assent of his wife signified on her private examination according to law." We think it clear that this section refers exclusively to the disposition of the homestead estate by the owner thereof, and has no reference whatever to any conveyance he may make of his estate in reversion. By the proper construc-

tion, this section should read; "But no deed *purporting to dispose of the homestead,* made by the owner of a homestead, shall be valid without the voluntary signature and assent of his wife, signified on her private examination according· to law." Read in this way, there is sense in it; but to make it apply to a disposition of the reversion as well as a disposition of the homestead estate, incurs the censure of the rule, *hæret in litera, hæret in cortice."*

By the common law, there was the same right of disposition in respect to an estate in reversion, as to an estate in possession; the only difference being that a reversion after a freehold estate was passed by grant, and an estate of freehold in possession was passed by feoffment.

As the owner of an estate in reversion after a homestead estate had a right to make a voluntary alienation, it followed that his creditors had a right to have it sold under execution. Hence the necessity for the statute, Bat. Rev. ch. 55, § 26. If the wife had the power to put a veto upon the sale of the reversion by refusing to give her assent, that Act would not have been needed. But such a power on the part of the wife, to object either to the voluntary disposition of the reversion by the husband, or to an involuntary disposition of it by execution, was not then suggested by any one.

*Hinsdale* v. *Williams,* 75 N. C. 430, extends the operation of the Act to sales of the reversion by an administrator to pay debts; but a sale by the owner of the homestead of his estate in reversion stands as at common law, and the owner has full power to sell it, or to mortgage it if he desires to raise money on the credit of it. It is his property; why should he not have a right to dispose of it? The right seems to be conceded by His Honor, unless it be restrained by the section of the Constitution upon which we have commented.

Error. Judgment appealed from reversed. This will be

certified to the end that judgment of foreclosure by sale may be entered in the Court below.

PER CURIAM.　　　　　　　　　　. Judgment reversed.