A. T. BRUCE & CO. v. M. STRICKLAND and wife.

*Restriction on Alienation— Vested Rights— Wife's Interest in Homestead.*

1. The *jus disponendi* is an important element of property and a *vested right* protected by the clause in the federal constitution which declares the obligation of contracts inviolable.

2. Where land was acquired and a marriage took place prior to March, 1867, the husband may convey the entire estate without the concurrence of his wife, unless he has voluntarily dedicated the property to the purposes of a homestead.

(*Sutton* v. *Askew*, 66 N. C., 172 ; *Williams* v. *Munroe*, 67 N. C., 164, cited and approved.)

CIVIL ACTION tried at Spring Term, 1879, of NASH Superior Court, before *Seymour, J.*

In order to secure the payment of a debt to one John A. Harrison, the defendant executed a deed without the joinder of his wife, conveying a tract of land to him, dated the 20th of January, 1874, which debt was by agreement to be paid in two years from the date of the deed. The land was acquired by the defendant prior to March, 1867, and the debt

was contracted subsequent to 1868. The defendant was married in 1847, and his wife is still living. They now live upon the land, and have infant children. No homestead has ever been assigned, nor does the defendant own any other real estate, nor is the land worth more than one thousand dollars. On the 3rd of May, 1877, Harrison for a valuable consideration transferred his debt against defendant and his interest in the land to the plaintiffs who seek in this action to subject the land to the payment of the debt.

The above are the facts, in brief, as found by the referee to whom the case was referred, upon which he concluded, as matter of law, that there is due the plaintiffs the sum of $489.72 and interest; that as against the *feme* defendant, the deed was ineffectual to deprive her of her homestead right; that the deed conveyed the reversion to take effect in possession after the homestead estate ; and gave judgment that plaintiffs recover the debt, also for a sale of the reversionary interest in the land, unless the money is paid in three months after the confirmation of the referee's report.

The plaintiffs excepted to the report, for that, the referee erred in finding as a conclusion of law that the deed was ineffectual to convey the land discharged of any claim of the wife, and that it only conveyed to Harrison a reversionary interest. The court overruled the exception and confirmed the report, from which the plaintiffs appealed.

*Messrs. Connor & Woodard* and *H. F. Murray,* for plaintiffs:

1. The homestead *exemption* is intended to be a protection against creditors, and not a disabling statute against the owner. *Hagar* v. *Nixon,* 69 N. C., 108. The homestead provisions in the constitution are found in a chapter of "Exemptions." "*Noscitur a sociis.*" Sedgw. Stat. and Const. Law, 220, note a.

2. If Art. X, § 8 of the constitution, is a disabling statute, impairing or restricting the husband's right of alienation,

it is in derogation of his prior rights and should be strictly construed (Sedgw., 296) so as to apply only to homesteads already assigned and thus impliedly dedicated by the husband to the control and veto power of the wife. *Mayho* v. *Cotten,* 69 N. C., at page 294, (opinion); *Jenkins* v. *Bobbitt,* 77 N. C., 385.

3. Right of alienation an inseparable incident to an absolute estate, and a restriction on this right, *even for a limited time,* is void for repugnancy to the estate granted. *Mandelbaum* v. *McDowell,* 29 Mich., 78; 18 Am. Rep., 61; *School Com.* v. *Kesler,* 67 N. C., 443 ; *Twitty* v. *Camp,* Phil. Eq., 61. To submit the husband's right of alienation to the control and restraint of the wife, by requiring her assent to his conveyance, would be to defeat a *vested right.* *Sutton* v. *Askew,* 66 N. C., 177 ; Cooley Const. Lim., 361.

4. The husband holds under an executed contract ("which differs nothing from a grant," 2 Bl. Com., 443) and his rights are protected by the clause in the federal constitution against impairing the obligation of contracts. Cooley Const. Lim., 274–'5.

*Messrs. Reade, Busbee & Busbee,* for defendants :

1. Deed by owner of homestead void unless signed by wife. Const., Art. X, § 8. This is not only for protection of the wife, but in terms a requisite of the deed itself. Nor is *Sutton* v. *Askew* in conflict with this; for here, the husband is not insisting upon a vested right of which the legislature had deprived him, but upon an exemption from liability which the legislature had *conferred* upon him at a time when no one was damaged thereby, the sale being since the constitution.

2. The homestead right is vested by the constitution, and not by the allotments, which only ascertains whether there is an excess. *Lambert* v. *Kinnery,* 74 N. C., 348; *Allen* v. *Shields,* 72 N. C., 504.

3. Upon the authority of *Jenkins* v. *Bobbitt,* 77 N. C., 385, it would be admitted that the sale was good as to *the reversion,* if it were not that under the first position taken the deed itself is informal and void.

SMITH, C. J. The defendant was married in the year 1847, and acquired title to the tract of land described in the pleadings prior to March, in the year 1867. He contracted a debt to one John A. Harrison of $500 subsequent to the year 1868, and to secure the same, on the 20th day of January, 1874, conveyed the land to said Harrison, by deed absolute in form and with a contemporary parol agreement between them, that the debt should be paid in two years in redemption of the land. The wife was not a party to the deed, and the defendant owns no other land. No homestead has been laid off to the defendant, and he has infant children living.

On the 3rd day of May, 1877, Harrison, for a valuable consideration, transferred the debt and his estate and interest in the land to the plaintiffs. The debt and interest due on the 25th day of February, 1879, amounts to $589.62, whereof $489.72 is principal money and bears interest from that date. These facts are found by the referee and no exception is taken thereto. The referee adjudges that the deed is effectual to convey the reversionary interest of the defendant in the land, subject to his right of homestead therein, and directs a sale unless the money due is paid in three months.

The plaintiffs except to the referee's finding that only a reversionary interest was conveyed and that the land remained still subject to the defendant's right of homestead. The exception being overruled the plaintiffs appeal.

The marriage took place and the title vested in the defendant previous to the restoration by statute of the common law right of dower, and before the creation of a home-

stead in land. It was *then* in the power of the defendant by his deed to *convey a full and complete title in fee* to the land. Has this absolute dominion over his property been abridged by any act of subsequent legislation, or could it be under the principles of the constitution without the owner's consent or concurrence? The value of property consists in its use, disposition and conversion into something else, and these are the elements constituting a *vested right* which the legislative body cannot take away except for public use and then only on making compensation to the owner. This security is guaranteed in the constitution of the United States in the clause declaring the obligation of contracts inviolable.

In *Sutton* v. *Askew*, 66 N. C., 172, the right of the husband to convey his lands acquired before marriage and before the passage of the act of March 27th, 1869, extending dower to all lands whereof he may have been "seized and possessed at any time during coverture," free from the claim of dower, was carefully considered in a long and elaborate opinion delivered by Mr. Justice READE, and the conclusion reached was that such pre-existing right could not be impaired, and the husband's conveyance was upheld. The court declares that the " act does not affect *rights* or marriages which existed before its passage.

In *Williams* v. *Munroe*, 67 N. C., 164, the husband conveyed lands in the year 1859, after his marriage, and, as we infer, through the fact is not expressly so stated, died after the passing of the act enlarging dower, and it was held that his wife had no claim thereto. These decisions rest upon the sanctity of vested rights under the protection of the constitution, among which is embraced the *jus disponendi* or right of alienation. The principle is too deeply imbedded in the fundamental law of free governments to require vindication. If this be true in regard to dower, how can an involuntary restriction be imposed in the provisions of the

homestead? We are unable to distinguish between the cases in this immunity of the rights of property from legislative interferences. We are therefore of opinion that the defend-- ant could convey his land, free alike from dower or home- stead, and having exercised the right it is now beyond his recall. But we do not mean to intimate that the homestead may not attach to the debtor's land by his own consent, and this as well by his own seeking as by the allotment by the sheriff under the provisions of the constitution and the act of April 7th, 1869, Bat. Rev., ch. 138, or upon his death, by such as then may be entitled.

His acquiescence in the appropriation of his lands, as a homestead, would be deemed a voluntary surrender of his absolute right of alienation, and it could not be impeached by creditors. The homestead would then pass to his infant children or widow as the law directs. When he conveys before this is done, and new rights and interests are thus created, the assent to the homestead cannot be given so as injuriously to affect them. In other words as to such lands the debtor may if he chooses take his homestead therein, and hold it exempt from liability; and if without doing so he conveys his estate, it passes and vests in the grantee in the same plight and freed from the further control of the grantor. This view of the case dispenses with the necessity of considering the nature of the homestead as an estate or right anterior to an assignment, and other interesting topics discussed in the argument.

The referee erred in his ruling, and the judge erred in af- firming the same, and the plaintiffs' exception must be sus- tained.

Error.                                            Reversed.