DAVID MURPHY v. AARON McNEILL.

*Homestead—Jurisdiction in foreclosure proceedings—Equity.*

1. Where a marriage took place in 1852, and land acquired by the husband since the adoption of the constitution of '68 was mortgaged to secure a debt without the concurrence of the wife, it being his only real estate; *Held*, that the plaintiff in an action for that purpose is entitled to a decree of foreclosure and sale of the land charged with the homestead encumbrance.

2 The superior court has jurisdiction of an action to foreclose a mortgage although the debt secured is less than two hundred dollars. The action is not founded on the contract merely, but on an equity growing out of the relation of mortgagor and mortgagee.

(*Jenkins* v. *Bobbitt*, 77 N. C., 385; *Lambert* v. *Kinnery*, 74 N. C., 348; *Beavan* v. *Speed*, *Id.*, 544; *Bank* v. *Green*, 78 N. C., 247; *Gheen* v. *Summey*, 80 N. C., 187; *Bruce* v. *Strickland*, 81 N. C., 267, cited and approved.)

CIVIL ACTION tried at Fall Term, 1879, of CUMBERLAND Superior Court, before *Seymour, J.*

The complaint states that on the 19th of October, 1874, the defendant executed a mortgage conveying the land in dispute to the plaintiff to secure the payment of the sum of eighty-five dollars with interest from April, 1873, which he owed plaintiff; that defendant failed to pay the same according to the terms specified in the deed, except the sum of about thirty-five dollars, and that plaintiff has repeatedly demanded payment of the balance due; that plaintiff is entitled to the possession of said land, and defendant unlaw-

fully withholds the same from plaintiff. Wherefore plain-
tiff demands judgment for possession ; that an account be
taken to ascertain the sum now due from defendant ; that in
default of payment thereof a commissioner be appointed to
sell the land under direction of the court and apply the
proceeds to said debt.

The execution of the deed is admitted in the answer, and
also that only thirty-five dollars has been paid on the debt,
but defendant denies that plaintiff is entitled to the posses-
sion ; and he alleges that he acquired the land since the
adoption of the constitution of '68, viz.: on the 26th of Sep-
tember, 1871, and on the day when he executed the mort-
gage as alleged, he did not own any other real estate except
that contained therein, which is not worth one thousand
dollars, being valued by the tax assessor at only one hun-
dred and fifty dollars ; that he has acquired no other real
estate since that date; that defendant was a married man on
the day said mortgage was executed, but his wife did not
sign the deed or signify her voluntary assent thereto on her
privy examination according to law, and on that account
he is advised that said deed does not operate to pass the title
to said land so as to entitle the plaintiff to the possession or
any other relief demanded in his complaint. For a further
defence, the defendant says that the cause of action is found-
ed upon a contract, to-wit, a mortgage debt, of which only
fifty dollars principal money is due as claimed by the plain-
tiff, and he is advised that the superior court has no juris-
diction of the action.

A jury trial was waived and the court found the follow-
ing facts : Defendant acquired the land in controversy in
1871, defendant and his wife were married in 1852, the
mortgage was executed in 1874, the wife of the defendant
is still living, and the facts set forth in the answer were ad-
mitted to be true. Whereupon the court granted a decree
of foreclosure in accordance with demand of plaintiff and

the defendant appealed.   The judge stated that his decision was based upon a newspaper report of the case of *Bruce* v. *Strickland*, 81 N. C., 267.

*Messrs. McRae & Broadfoot,* for plaintiff.
*Messrs. Guthrie & Carr,* for defendant.

SMITH, C. J.   The defendant purchased the land described in the complaint in September, 1871, and in October, 1874, mortgaged the same to the plaintiff to secure a debt of eighty-five dollars with interest from April, 1873, on which the sum of twenty-five dollars has been paid.   The defendant was married in the year 1852, and his wife, who is still living, did not unite with her husband in executing the deed.   The relief demanded in the action is a surrender of possession, a reference to ascertain what is due the plaintiff, and a decree of foreclosure and sale.   The only defences set up in the answer are: first, that the land being the only real estate owned by the defendant and of the value of one hundred and fifty dollars only, he is entitled to a homestead therein notwithstanding the conveyance; and secondly, that the subject matter of the suit is cognizable before a justice of the peace and the superior court has no jurisdiction.

1. The land having been acquired since the adoption of the constitution, (1868) and the enactment of the law to carry into effect its provisions for a limited exemption of the debtor's property, is subject to the homestead, and the deed made without the wife's assent, is inoperative to defeat th right thereto.   In *Jenkins* v. *Bobbitt,* 77 N. C., 385, it is held that the husband's deed, without the wife's concurrence, is effectual in passing what is called his estate in reversion, or in other words, the land itself subject to the burden or incumbrance of the homestead, as defined in the constitution and that the title to this can only be divested in the mode

therein pointed out. *Lambert* v. *Kennery,* 74 N. C., 348; *Beavan* v. *Speed, Id.,* 544. The right to the homestead exists by virtue of positive law, and the laying it off by metes and bounds is only necessary in ascertaining if there be any, and the extent of the excess which may be appropriated to the demands of creditors. *Lambert* v. *Kinnery, supra; Bank* v. *Green,* 78 N. C., 247; *Gheen* v. *Summey,* 80 N. C., 187. It follows therefore that while the plaintiff cannot deprive the defendant of the possession of the land, he is entitled to a decree of foreclosure and sale of the land charged with the homestead incumbrance.

2. We are unable to see the force of the objection to the jurisdiction. The action is not founded on the contract merely, but on an equity growing out of the relation of mortgagor and mortgagee to have the mortgaged premises, in case of default, sold for the satisfaction of the secured debt. It is a novel suggestion that the enforcement of such an equity falls within the jurisdiction of a justice, because the sum secured in action on the contract to pay would be cognizable before him.

The judge who tried the cause in the court below, in rendering judgment seems to have been misled by an incorrect report of the opinion in *Bruce* v. *Strickland,* 81 N. C., 267. That case simply decides that rights of property vested in the husband previous to the homestead law could not be taken from him without his consent, and as *he had an unimpaired title* so his deed would convey it in the same plight.

There is error in the judgment of the superior court, and it must be reformed in accordance with this opinion; and this will be certified to the end that further proceedings be had therein agreeably to law.

Error.                              Judgment modified.