SUSAN JENKINS v. B. W. JENKINS and others.

*Dower not assignable out of Certain Lands.*

On petition for dower, it appeared that the land was acquired and the marriage took place prior to the "dower act" of 1867 (restoring the common law right of dower) and the husband conveyed the same in 1872 without the concurrence of the wife; *Held* that the husband had a vested right to sell which was not impaired by the act, and his single deed passed the title free from the claim of dower.

(*Sutton* v. *Askew*, 63 N. C., 172 ; *Holliday* v. *McMillan*, 79 N. C., 315; *Bruce* v. *Strickland*, 81 N. C., 267; *O'Connor* v. *Harris*, *Id.*, 279, cited and approved.)

PETITION for Dower heard at Spring Term, 1879, of YAD-KIN Superior Court, before *Schenck, J.*

This was a petition for the assignment of dower to the plaintiff, Susan Jenkins, a widow of Francis Jenkins, in the lands described in the petition, which came by appeal from the probate court to the superior court, and His Honor being of opinion that plaintiff was not entitled to dower in the land in controversy gave judgment accordingly and the plaintiff appealed.

*Messrs. Watson & Glenn,* for the plaintiff.

The defendants were not represented in this court.

DILLARD, J.  From the statement of the case of appeal, we collect that the petitioner intermarried with Francis Jenkins before the passage of the act of 1867, restoring to married women their common law right of dower; that her husband owned the tract of land in which dower is claimed anterior to the marriage, and conveyed the same during the coverture (in 1873) to the defendants, B. W. Jenkins and Malinda Jenkins in fee simple without the joinder of the wife in the deed.

On these facts submitted to His Honor in the court below, he held and so adjudged that the plaintiff was not entitled to dower, and on the appeal to this court a question is made, as to the correctness of the ruling.

We concur with His Honor.  In *Sutton* v. *Askew,* 66 N. C., 172, it was ruled that a husband who married and owned lands before the dower act of 1867 enlarging the right of dower, had a vested right to sell and convey such lands by his single deed; and that it was incompetent to the legislature to impair that right by giving the wife a right of dower therein and making it necessary that she should be joined in the husband's deed therefor.  The ruling of the court has been since referred to and approved in the cases of *Holliday* v. *McMillan,* 79 N. C., 315; *Bruce* v. *Strickland,* 81 N. C., 267; *O'Connor* v. *Harris, Id.,* 279.  Upon the authority of these cases and the reasons on which they were decided, we hold that the deed of the husband executed to the defendants was effectual to pass the title free from plaintiff's claim to dower, although she was not a party to the deed.

There is no error.  Judgment of the court below is affirmed, and this will be certified.

No error.                        Affirmed.