WILLIAM H. REEVES v. ISAAC N. HAYNES.

## Husband and Wife—Deed.

A deed of the husband, without the joinder of his wife, conveying lands
owned by him before the adoption of the constitution of 1868, the marriage
being prior to that date, passes his estate free from the claim of dower and
homestead.

(*Sutton* v. *Askew*, 66 N. C., 172; *Bruce* v. *Strickland*, 81 N. C., 267; *Jenkins* v.
*Jenkins*, 82 N. C., 208; *O'Kelly* v. *Williams*, 84 N. C., 281; *Williams* v.
*Teachey*, 85 N. C., 402; *Wittkowski* v. *Watkins*, 84 N. C., 456 ; *Isler* v. *Koonce*,
81 N. C., 378 ; *Davis* v. *Evans*, 5 Ired., 525, cited and approved.)

EJECTMENT tried at Fall Term, 1882, of WILKES Superior
Court, before *Gudger, J.*

The land sought to be recovered in this action belonged to the
defendant, who on March 27th, 1876, conveyed the same by a
deed of mortgage to Noah Brown to secure the payment of the
sum of two hundred dollars then loaned to the defendant, with a
power of sale to the mortgagee in case of default in making pay-
ment. The equity of redemption was afterwards conveyed by
the defendant to the plaintiff in a deed similar in its terms to the
other.

The land was acquired by the defendant several years before
the adoption of the constitution of 1868, and his marriage with
his wife took place before the late civil war. The defendant's
wife did not unite with her husband in executing either deed,
and they have several minor children. Under the first mortgage,
and pursuant to its terms, the land was sold at public sale and
purchased by the plaintiff, to whom title has been made.

Upon these facts the court expressed the opinion that the
plaintiff could not recover, upon what ground the record does not
disclose, and in submission thereto the plaintiff took a nonsuit
and appealed.

*Mr. L. L. Witherspoon*, for plaintiff.

No counsel for defendant.

SMITH, C. J.   We suppose the ruling was made on the ground that the right to a homestead therein, it being conceded that the premises were not worth more than one thousand dollars, was not divested by the deeds executed by the defendant alone.   In this we think there is error, and the ruling is in conflict with the adjudications heretofore made in this court.

In *Sutton* v. *Askew*, 66 N. C., 172, it is decided that the act of the general assembly restoring to the widow the common law right of dower in all estates of inheritance whereof the husband was seized at any time during the coverture, was inoperative as affecting lands acquired by him, and when the marriage also occurred, before the change in the pre-existing law.   It is declared that the husband could alienate and pass the title to such lands without the consent of his wife.

Following the principle thus announced, we held in *Bruce* v. *Strickland*, 81 N. C., 267, that lands owned by the husband previous to the adoption of the constitution, and where the marriage was also prior to that date, could be conveyed by his deed free alike from the claim of dower and homestead; and when he had exercised the right of disposition retained by him, notwithstanding the provision, in unabridged force, it was beyond his recall. This case has been referred to and approved in *Jenkins* v. *Jenkins*, 82 N. C., 208; *O'Kelly* v. *Williams*, 84 N. C., 281, and *Williams* v. *Teachey*, 85 N. C., 402.

The homestead being out of the way, and the legal title vesting in the plaintiff under the deed from the mortgagee, Brown, we can perceive no obstruction to his recovery of the possession of the land.   *Wittkowski* v. *Watkins*, 84 N. C., 456; *Isler* v. *Koonce*, 81 N. C., 378.   Indeed, as between the mortgagor and mortgagee of an equity of redemption, the legal title being in a former mortgagee or trustee, the latter has a right to recover possession from the former.   *Davis* v. *Evans*, 5 Ired., 525.

There is error, and the nonsuit must be set aside and a *venire de novo* awarded, and it is so adjudged.

This will be certified for further proceedings in the court below.

Error.                                           *Venire de novo.*