J. R. CASTLEBURY v. J. Q. MAYNARD.

*Specific Performance—Homestead—Married Women—Deeds.*

1. A purchaser of land is never required to accept a doubtful title, and the inability of the vendor to make a good title, is a defence to an action for the purchase money.

2. Where land was acquired and a marriage took place prior to the adoption of the Constitution of 1868, the husband can make a good title without the joinder of the wife, but if the land was acquired, or the marriage took place after that date, the wife must join in the deed.

3. Where land is allotted to a person as a homestead upon his own petition, it is a dedication of it by him, to all the privileges, uses and restrictions of a homestead, no matter at what time the title was acquired.

4. Without the joinder of the wife, the deed of the husband for the homestead is a nullity, since the Constitution of 1868.

5. A divorce *a mensa et thoro*, does not change the property rights of either the husband or wife.

6. Where a marriage took place in 1844, and in 1869 the husband had a tract of land allotted to him as his homestead upon his own petition, which he afterwards sold, taking a note for the purchase money, and he was then divorced *a mensa et thoro* from his wife; *It was held* in an action on the note given for the purchase money, that he could not make a good title to the land, without the joinder of his wife in the deed, and that the vendee would not be compelled to take the title and pay the purchase money unless the wife joined in the deed.

(*Batchelor* v. *Macon*, 67 N. C., 181; *Motts* v. *Caldwell*, Busb. Eq., 289; *Reeves* v. *Haynes*, 88 N. C., 310; *Bruce* v. *Strickland*, 81 N. C., 267; *Jenkins* v. *Bobbitt*, 77 N. C., 385; *Rogers* v. *Vines*, 6 Ired., 293; *Taylor* v. *Taylor*, 94 N. C., 418, cited and approved).

CIVIL ACTION, tried before *Clark, Judge,* and a jury, at October Civil Term, 1885, of WAKE Superior Court. There was a judgment for the plaintiff, and the defendant appealed.

The facts are fully set out in the opinion.

Mr. *A. M. Lewis,* for the plaintiff.
Messrs. *J. H. Fleming* and *W. J. Peele,* for the defendant.

ASHE, J. The following are substantially the facts as found by the jury, with consent of the parties, or admitted by the pleadings: On the 20th of September, 1881, the plaintiff entered into a written contract with the defendant, to sell him a tract of land, lying in the county of Wake, in White Oak Township, on the waters of Crabtree Creek, adjoining the lands of A. D. Jones, William Upchurch, Margaret Maynard and others, containing one hundred and thirty-seven acres, more or less, for and in consideration of $1,500, one thousand dollars of which was paid in a note on one Samuel House, and the defendant gave his own note for the balance of $500, payable on the 1st day of October, 1882, with interest at 8 per cent.; and it was agreed, in case the suit then pending in Wake Superior Court, wherein Marion Castlebury was plaintiff, and J. R. Castlebury was defendant, for divorce, should by that time be ended, and if not, whenever said suit should be determined, and in case the said Marion Castlebury should, in her said suit for divorce, obtain a judgment

for alimony, then the said J. Q. Maynard should pay the sum out of the deferred payment, to the said Marion Castlebury, and the balance, if any, of the purchase money, he should pay to the said J. R. Castlebury, and upon the payment of the balance of the purchase money, the said J. R. Castlebury bound himself, his heirs, executors and administrators, to make to the said J. Q. Maynard, his heirs, executors, assigns, &c., a good fee simple title to the land. This agreement was signed and sealed by J. R. Castlebury and J. Q. Maynard. The note for five hundred dollars was executed by Maynard according to the agreement. At the January Term of the Superior Court of Wake, there was a judgment in the case of divorce: "That the plaintiff and defendant be divorced and separated from bed and board, and that the plaintiff receive from the defendant the sum of one hundred and twenty-five dollars, in full satisfaction of all alimony."

It was admitted on the trial, that the land, which was contracted to be sold, was the same land which was allotted to the plaintiff as his homestead, on his own request and petition, on the 5th day of April, 1869, and that said allotment was duly recorded in Wake county, according to law; and that the plaintiff was married about the ———— day of ————, 1844, and that his wife is still living in this State, as a resident therein, and they have one child about fifteen years of age. It was further admitted, that the plaintiff was ready and willing to make a deed for said land, executed by himself, but without his wife joining therein.

The plaintiff demanded a judgment for the five hundred dollars, with interest, and that the land be sold and the money applied to the satisfaction of the judgment.

The defendant resisted the plaintiff's cause of action, and set up as a defence that the homestead is still a charge upon the land, and the plaintiff cannot make a title.

The contention of the parties presents for our consideration, the question whether the plaintiff can make, under the facts of the case, a good title to the land described in the complaint. If he cannot, it would be against equity and good conscience that he should recover the amount of the note in suit, for a purchaser of land is never required to accept a doubtful title. *Batchelor* v. *Macon*, 67 N. C., 181; *Motts* v. *Caldwell*, Busb. Eq., 289.

The plaintiff contends, that as the marriage took place before the adoption of the Constitution of 1868, and the land was owned by the plaintiff prior to that time, that the right of homestead did not attach to the land, and the plaintiff could make a good indefeasible title to the land, without joining his wife in the conveyance. That, as a general proposition, has been too often decided by this Court to be controverted. But the decisions referred to, have held that to give the husband such a right, the *marriage* and the *ownership* of the land must both have existed before the adoption of the Constitution; *Reeves* v. *Haynes*, 88 N. C., 310; *Bruce* v. *Strickland*, 81 N. C., 267. And the same principle has been applied to the right of dower by numerous adjudications of this Court. But in this case, while it appears that the plaintiff was the owner of the land where he had his homestead allotted, in April, 1869, there is nothing in the record from which it is to be inferred that he owned the land prior to 1868. But, conceding that he did own it previous to that date, still it does not follow that he can make a good title, free from any incumbrance.

When, on his own petition, he had his homestead in the land allotted to him in 1869, it was such an acquiescence in the appropriation of his land, as a homestead, as must be deemed a voluntary surrender of his absolute right of alienation, and it could not be impeached by creditors, and the homestead would then pass to his infant children or widow, as the law directed. *Bruce* v. *Strickland*, 81 N. C., 267. The wife takes or acquires no interest in the homestead until after the death of the husband, and

not then if he had children surviving him.   But so soon as the homestead is allotted to the husband on his petition, it is a dedication by him of the land, to all the uses, privileges and restrictions of a homestead, no matter when the land was acquired, and the constitutional inhibition attaches to it, and the husband cannot convey it without the wife joining in the deed, and undergoing a privy examination as to its execution by her.   Without such a formality, the deed of the husband is a nullity.   As was said by PEARSON, C. J., in *Jenkins* v. *Bobbitt,* 77 N. C., 385, the proper construction of Art. 10, §8, of the Constitution, is as if it read : " But no deed purporting *to dispose of the* homestead made by the owner of the homestead, shall be valid without the voluntary signature and assent of the wife, signified on her private examination, according to law."

But it is urged that there can be no use of the wife joining in the deed of the husband in this case, for even if she should survive her husband, and no child be alive at that time, she would be debarred of any right to the homestead, by reason of the decree of divorce.

There is nothing in that objection, for it is well settled that a decree of divorce, *a mensa et thoro,* has no effect to change the property relations of the husband and wife.   *Rogers* v. *Vines,* 6 Ired., 293, and *Taylor* v. *Taylor,* 94 N. C., 418, and the authorities there cited.

We are not called upon to suggest any remedy to the parties. They of course will take such remedies as they may be advised. There is error.   Let this be certified to the Superior Court of Wake, to the end that a *venire de novo* may be awarded.

Error.                                              Reversed.