**BARNETT v. SANDERS et al.**

No. 15864—Opinion Filed March, 2, 1926.

Rehearing Denied June 8, 1926.

(Syllabus.)

1. **Homestead — Conveyance — Consent of Spouse—Constitutional Provision.**

Under section 2, art. 12, of the Constitution of Oklahoma, the owner of the homestead, if married, cannot sell the same without the consent of his or her spouse, given in such manner as may be prescribed by law.

## 2. Same—Statutory Provision.

Section 5240, Comp. Okla. Stat. 1921, provides that no deed, mortgage, or contract relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife, where both are living and not divorced or legally separated.

## 3. Same—Validity of Conveyance by Husband Where not Prohibited by Constitution or Statutes.

Homesteads were unknown at common law, and only exist by statutory or constitutional provisions, and, in the absence of such provisions limiting the right of the husband so to do, he may sell or incumber the homestead without the joinder or consent of his spouse, and such alienation or incumbrance, made without her consent, is valid and binding.

## 4. Same—Right to Convey Indian Territory Land not Occupied as Homestead Since Statehood.

Under section 2, art. 12, of the Constitution, requiring the consent of the wife to enable the husband to sell the homestead, one who owned land in the Indian Territory portion of the state prior to statehood, which has not been impressed with the homestead character since the adoption of the Constitution, has the right to sell the same without the consent of his wife, although occupied as a homestead prior to statehood, it being a vested right of which the state cannot deprive him.

## 5. Constitutional Law — Vested Rights — Time of Exercise.

A failure to exercise a vested right before the adoption of a constitutional provision which seeks to divest it in no wise affects or lessens that right.

## 6. Homestead—Indian Territory Land not Impressed with Homestead Character A'ter Statehood.

Record examined, and held, the lands under consideration were not impressed with the homestead character subsequent to the adoption of the Constitution of Oklahoma.

Error from Superior Court, Creek County; J. Harvey Smith, Judge.

Action by Eddie Barnett against Maggie Sanders and others for possession of real property. Judgment for defendants, and plaintiff appeals. Affirmed.

George H. Jennings and McDougal, Allen & Pryor, for plaintiff in error.

Thrift & Davenport, Cheatham & Beaver. H. B. Clay, and Davidson & Williams, for defendants in error.

MASON, J. Plaintiff in error, Eddie Barnett, commenced this action against the defendants in error to recover title and possession of certain lands located in Creek county, Okla., which had been allotted to him as a Creek freedman, alleging that a deed executed by him under which defendants held was void because said lands constituted the homestead of him and his wife, and that his wife had not joined him in said deed.

A jury was waived, and at the conclusion of the evidence the court found against the plaintiff, and rendered judgment for the defendants, from which the plaintiff has prosecuted his appeal.

The evidence in the case is substantially as follows:

That said lands were allotted to plaintiff as his distributive share of the lands of the Creek Nation; that during the year 1905, the plaintiff was married to one Mattie Hale; that plaintiff and his wife moved on to said lands and made their home there in January, 1906, and that during said year a child was born to plaintiff and his wife; that about the first of the year 1907 the plaintiff's wife temporarily abandoned him and left the home he had provided on said lands; that on account of the abandonment by his wife and illness of the plaintiff he moved to town and resided with his mother and leased said land for farming purposes for the year 1907. Later, during the year 1907, the plaintiff and his wife reunited, but never resided on said lands thereafter, and at no time resided thereon after the advent of statehood, September 16, 1907. Thereafter, on August 19, 1908, the plaintiff, without being joined by his wife and without her legal consent, executed a deed conveying said lands to James Wright. It is conceded that the claims of all the defendants must stand or fall on the validity of this deed.

The evidence on behalf of plaintiff is that he and his wife only left the place temporarily, and that they intended to return thereto, and would have returned upon their reuniting except for the fact that the place had been rented for that year. The evidence of the defendants tended to show that the plaintiff and his wife abandoned the place with the intention of never returning. We deem it unnecessary, however, to discuss the question of abandonment.

The plaintiff in error, for reversal, presents many assignments of error, but, as we view the case, the only question necessary to be determined is, Was the evidence sufficient to show that the homestead character

ever attached to said lands, so as to require the joinder of the wife in its conveyance?

Plaintiff relies on section 2, art. 12, of the Constitution of Oklahoma, which provides in part, as follows:

"* * * Nor shall the owner, if married, sell the homestead without the consent of his or her spouse, given in such manner as may be prescribed by law. * * *"

And section 5240, Comp. Okla. Stat. 1921, which was adopted at statehood as a part of the statutes of the Territory of Oklahoma, provides, in part, as follows:

"* * * No deed * * * relating to the homestead exempt by law, except a lease for a period not exceeding one year, shall be valid unless in writing and subscribed by both husband and wife. * * *"

This court has consistently adhered to the foregoing provisions. Fletcher v. Popejoy, 87 Okla. 185, 209 Pac. 746; Bishoff v. Myers, 101 Okla. 36, 223 Pac. 165; Abbot v. Ind. Torpedo Co., 98 Okla. 239, 224 Pac. 708.

It will be observed, however, that everything relied upon by the plaintiff to impress the homestead character on said lands transpired prior to the adoption of the Constitution. It will also be observed that the statutes of the Territory of Oklahoma did not apply to said lands prior to statehood, as said lands are located in the Indian portion of the state. No contention is made that at the time said lands were allotted there was any homestead provision in force in the Indian Territory which required the signature of such spouse before a valid conveyance could be made. It is true, of course, that some portions of the statutes of Arkansas were in force in the Indian Territory; however, the Supreme Court of Arkansas, in construing that portion of the Constitution of that state in force at that time relating to homesteads, held: That a wife had no interest in the homestead during her husband's life, and that her concurrence in its alienation was not necessary. Klenk v. Knobly, 37 Ark. 298; Lindsay v. Norrill, 36 Ark. 545.

Therefore, when Eddie Barnett became the owner of said lands, such ownership necessarily vested in him the right of disposition thereof, subject, of course, to the restrictions placed against alienation by the allotting power—the federal government—which restrictions were removed by the Act of May 27, 1908, or prior to the execution of the deed under consideration. This act, however, did not convey any rights under which said plaintiff held such lands, but merely removed the federal restrictions against its conveyance.

Homesteads were unknown at common law, and only exist by statutory or constitutional provisions, and in the absence of such provisions limiting the right of the husband so to do, he may sell or incumber the homestead without the joinder or consent of his spouse, and such alienation or incumbrance, made without her consent, is valid and binding. Christie v. Thompson et al., 88 Okla. 85, 211 Pac. 513.

The question then presented is, Can the right of the husband under existing law to convey property owned by him without his wife's joining in the conveyance be taken away by a provision of the state Constitution requiring the wife's joinder in a conveyance of the homestead where the record is insufficient to impress the homestead character on said lands subsequent to the adoption of the Constitution?

12 C. J. p. 961, announces the general rule as follows:

"The right of the husband under existing law to convey property then owned by him without his wife's joining in the conveyance is a vested right which may not be taken away by a statute requiring the wife's joinder in the conveyance. * * *"

The Supreme Court of Missouri, in Gladney v. Sydnor, 95 Am. St. Rep. 517, had under consideration a question very similar to the one before us, and held as follows:

"A husband who acquires a homestead under a statute allowing him to sell or incumber it, subject to the wife's inchoate right of dower, without her joining him, except when she has filed her homestead claim, has a vested right to sell or incumber such homestead, subject to such limitations, and this right cannot be taken from him by a statute subsequently enacted which debars him from selling or in any manner incumbering the homestead. Such statute can operate only prospectively and cannot be applied to husbands who have acquired a homestead prior to its enactment. As to them it is retrospective in the operation and impairs a vested right."

We quote with approval the following from the body of the opinion, which is applicable to the instant case:

"Upon the question involved in this case, as to the right of George W. Gladney, prior to the Act of 1895, being a vested right, we are of the opinion that the unbroken line of decisions of North Carolina upon a point which in principle is identical with the one at bar are decisive of this question. That we may fully appreciate the application of the cases to which we hereafter in this opinion direct attention, it would be well in a brief way to refer to

the provisions of the Constitution and law of that state. In 1868, the state of North Carolina adopted and ratified its Constitution. The Constitution itself created a homestead defining the amount of land and value, etc., which was exempted from levy of execution. It also provided for the conveyance of the homestead, but declared that no deed executed by the owner of the homestead should be valid without the voluntary signature and assent of his wife. Prior to the adoption of this Constitution, the owner of the land occupied by him and his wife, could be conveyed by the husband alone. In the case of Gilmore v. Bright, 101 N. C. 382, 7 S. E. 751, in passing on the question as to the right of the husband to convey the land, subsequent to the adoption of the Constitution, the court says: 'The case shows that the lands in dispute were the property of Samuel Gilmore long prior to the adoption of the Constitution of 1868, and that he and his wife were married long prior to that time. There never was any allotment of the said lands as a homestead, nor was there ever any petition by the said Gilmore to have such an allotment made, nor was there ever any act of his indicating any purpose voluntarily to have said lands, or any portion thereof, dedicated to the purposes of a homestead. He had, prior to the adoption of the Constitution of 1868, the absolute right to sell or dispose of these lands as he pleased, without the concurrence of his wife, and, if he chose to do so, without her consent, and it is too well established by the authorities, federal and state, that this right was not divested by article 10, section 8, of the Constitution of North Carolina, to be questioned now. The state could not by its Constitution or its laws, subsequently adopted or enacted, deprive him of his vested right to sell or dispose of the land in question, without contravening that provision of the Constitution of the United States which declares, that no state shall pass any "law impairing the obligation of contracts." ' The learned judge cites in support of that principle announced the cases of Edwards v. Kearzey, 96 U. S. 595; Sutton v. Askew, 66 N. C. 172, 8 Am. Rep. 500; Bruce v. Strickland, 81 N. C. 267; Murphy v. McNeill, 82 N. C. 221; Reeves v. Haynes, 88 N. C. 310; Fortune v. Watkins, 94 N. C. 304; Castlebury v. Maynard, 95 N. C. 281, and the numerous cases cited in these authorities.

"In the case of Bruce v. Strickland, 81 N. C. 267, the learned judge, after reviewing all the authorities, upon the question as to the application of the enactment of subsequent statutes lessening the power of the husband under former statutes in respect to his lands, and reaching the conclusion that such subsequent acts do not affect rights secured under former laws, says: 'These decisions rest upon the sanctity of vested rights under the protection of the Constitution, among which is embraced the "jus disponendi," or

right of alienation. The principle is too deeply imbedded in the fundamental law of free government to require vindication.'

"It may be said that these North Carolina cases are based upon the fact that prior to the adoption of the Constitution there was no homestead, and the land, not being a homestead, could be alienated by the husband without the wife joining in the deed. That does not alter or change the principle announced as applicable to the case at bar, for in this case, the homestead, prior to 1895, could be alienated by the husband alone, subject to her dower, the same as the land mentioned in the Carolina cases, and it is apparent from an investigation of all those cases that they clearly announce the principle that the right of a husband to sell or incumber his land without his wife joining in the conveyance is a vested right, which a subsequent statute, which imposes upon him a new disability and undertakes to prevent him from performing this act alone, cannot impair."

We think the foregoing rule is applicable to the instant case, and that the deed under consideration was valid although not signed by the wife. Nor would the fact that the deed was executed after the adoption of the Constitution affect its validity. A failure to exercise a vested right before the passage of a subsequent statute which seeks to divest it in no wise affects or lessens that right. Crump v. Guyer, 60 Okla. 222, 157 Pac. 321.

We are also of the opinion that the framers of the Constitution intended that it should not be retroactive and take away rights that had already accrued, but intended that it should be prospective only. The Constitution itself prohibits the passage of retrospective laws by the Legislature (sec. 7, art 2), and sec. 1 of the Schedule of the Constitution declares that vested rights shall remain secure.

Consequently, the provisions of the Constitution relative to homesteads could not attach and apply to facts which transpired prior to its adoption so as to impress the homestead character on lands subsequent to its adoption. Therefore, although the plaintiff and his wife may have resided on said lands prior to the adoption of the Constitution under such circumstances as to impress the homestead character thereon, had such provisions been in force, yet, not having done so after such adoption, its provisions would not apply.

Several other propositions are argued at length in the brief, but the conclusion reached renders it unnecessary to discuss them.

The judgment of the trial court is affirmed.

HARRISON, PHELPS, LESTER, HUNT. CLARK, and RILEY, JJ., concur.