DAWSON *v.* MERRILLE.

## Dawson v. Merrille.

UNITED-STATES HOMESTEAD LAW : *Specific Performance.* The policy of the Act of Congress granting homesteads on the public lands, as disclosed by its requirement of affidavit and other provisions, is adverse to the right of a party availing himself of it to convey, or agree to convey, the land, before he receives the patent therefor.

PUBLIC POLICY. The Court will not lend its aid to the enforcement of a contract which is against public policy.

This was a petition in equity, filed in the District Court for Lancaster County, to compel the specific performance of a contract for the sale of lands; which contract was in the following words : —

"Articles of agreement made and entered into by and between the undersigned parties hereto, witnesseth: that for and in consideration of the mutual agreements and covenants hereinafter expressed, we, the undersigned, do hereby agree and bind ourselves, and each of our heirs, executors, and administrators and assigns, to convey to such one of the parties hereto as may be agreed upon by a majority of the undersigned the several pieces or parcels of land set opposite our respective names; said conveyance being upon the express condition that the capitol of the State of Nebraska, and other public buildings, be located at or adjoining Lancaster in said State ; the conveyance to be made immediately upon the location being announced by the commissioners : and we also agree to convey any portion of the land hereinafter specified, as may be agreed upon, to the State of Nebraska."

This paper was signed by a number of persons, and among them by the defendant Merrille ; against his name being set the land here in question. The capitol was locat-

ed as required by the paper, and the plaintiff's testator was designated by the parties as the person to whom the conveyance should be made. It was alleged in the petition, and admitted in the answer, that, at the time of making the agreement, Merrille had the legal title to the premises under the United-States Homestead Law, and had since acquired the legal title thereto.

The Act of Congress referred to is chap. lxxv., *Laws of 1862* (12 *United-States Statutes at Large*, 392), entitled "An Act to secure Homesteads to Actual Settlers on the Public Domain," and is to the effect following : —

Sect. 1 gives to settlers of certain classes a right to "enter one quarter-section or a less quantity of unappropriated public land," of certain descriptions, at the minimum rates.

Sect. 2 provides that the person applying for the benefit of this act shall, upon application to the register of the land office in which he or she is about to make such entry, make affidavit before said register or receiver that such application is made for his or her exclusive use and benefit, and that such entry is made for the purpose of actual settlement and cultivation, and not either directly or indirectly for the use or benefit of any other person or persons whomsoever ; and, on payment of ten dollars, he or she shall thereupon be permitted to enter the quantity of land specified. *Provided, however,* that no certificate shall be given, or patent issued therefor, for the space of five years from the date of such entry; and if at the expiration of such time, or at any time within two years thereafter, the person making such entry . . . shall prove, by two credible witnesses, that he, she, or they, have resided upon or cultivated the same for the term of five years immediately succeeding the time of filing the affidavit aforesaid, and shall make affidavit that no part of said land has been alienated, . . . then he or she . . . shall be entitled to a patent.

DAWSON *v.* MERRILLE.

Sect. 4 provides that the land shall not become liable for any debts contracted prior to the issuing of the patent.

Sect. 5 provides for a reversion of the land to the United States, if, during the five years, the party shall have actually changed his residence, or abandoned the land for six months.

Sect. 7 provides that all false oaths, affirmations, and affidavits taken under these provisions shall be considered perjury, and be punished as such.

The cause was tried upon pleadings and proofs, and the petition dismissed: whereupon the plaintiff appealed to this Court.

*S. Robinson, E. E. Brown,* and *S. E. Gailey,* for the appellant.

Is there any prohibition, expressed or implied, contained in, or rule of policy growing out of, the provisions of this act, which disables the occupier of land under the same from making a valid contract to convey his homestead when he shall have acquired the legal title thereto ?

The act to secure homesteads to actual settlers, &c., commonly called the Homestead Law, requires that the applicant for its benefits shall make oath, 1st, That he is the head of a family, or twenty-one years or more of age, or that he has performed service in the army or navy of the United States; 2d, That he has never borne arms against the government of the United States, or given aid and comfort to its enemies; 3d, That such application is made for his exclusive use and benefit; 4th, That such entry is made for the purpose of actual settlement and cultivation, and not either directly or indirectly for the use or benefit of any other person or persons whatsoever.

## Dawson *v.* Merrille.

To make final proof, these things are required of the settler : 1st, That he shall have resided upon or cultivated the land for the term of five years immediately succeeding his entry; 2d, That no part of the land shall have been alienated ; 3d, That he shall have borne true allegiance to the government of the United States.

And it is perfectly consistent with all these requirements for the settler, after his entry and before final proof, to make a contract to convey all or any portion of his homestead when he shall have acquired the legal title.

An agreement to convey is not an alienation. To alienate a thing is to transfer it ; to make it another's.

As to the policy which the government had in view in enacting this law, it is to be noted that the Pre-emption Law ("An Act to appropriate the Proceeds of the Sales of Public Lands and to grant Pre-emption Rights," approved 4th September, 1841), which afforded great temptations and many opportunities for frauds, is very stringent in its provisions ; while the Homestead Law, which requires actual residence and cultivation for five years, insures good faith, and hence these stringent restrictions are dispensed with.

Under the eighth section of the Homestead Law, the settler is only required to prove actual settlement and cultivation, and is not obliged to show that he has not alienated his claim ; and such is the practice established by the department, and the practical construction which they have given to the law. See *Land Laws, Regulations, and Decisions*, page 264.

The consideration of the contract has been received and enjoyed by H. W. Merrille; and he is estopped in the courts from denying the validity of the contract, or asserting to the contrary. 34 *N. Y.*, 109 ; 25 *Wend.*, 628 ; 18 *N. Y.*, 394 ; 8 *Wend.*, 483 ; 1 *Seld.*, 395.

DAWSON v. MERRILLE.

But, if the contract set up be in violation of the law, the defendant, H. W. Merrille, was the party who committed the wrong : the government was the only party wronged, and the only party that could take advantage of the wrong ; and, in this proceeding, that question cannot be tried. *Stow* v. *Flannery*, 10 *Iowa*, 318.

An entry under the Homestead Law confers an inchoate equitable title good against the world, and which, after settlement and cultivation, ripens into a perfect title.

*M. H. Sessions* and *D. G. Hull*, for the appellees, argued several propositions which were not considered by the Court, as its judgment turned upon the single point of the validity of the contract under the Homestead Law. Upon this point the learned counsel insisted that this contract, which the plaintiff seeks to enforce, was for the sale of land then occupied by defendant Merrille under a " homestead entry," — " the settling upon land for the purpose of selling on speculation," or any contract or agreement made by him, whereby he " directly or indirectly, in any way or manner, with any person whatever, contracted or agreed that the title to the same should inure, in whole or in part, to the benefit of any person except himself, when obtained, would forfeit all interest or claim that he had in or to said land by virtue of said homestead entry ; " and any title that he might receive to the same from the government would be void. Sects. 1, 2, and 8 of Homestead Act, May 20, 1862, on page 140 of Zab. Land Laws ; also sect. 13 of Pre-emp. Laws of 1841, on page 35 ; also see *Instructions of Commmissioner under same* on pages 88, 112, 148, 149, and 150.

A contract made in consideration of an act which is forbidden by statute is void ; and a party may avoid the same, though in so doing he is obliged to allege and

DAWSON *v.* MERRILLE.

show his own illegal conduct. *Bailey* v. *Tabor*, 5 *Mass.*, 296 ; *Wheeler* v. *Russel*, 17 *Mass.*, 258 ; *Farrar* v. *Burton*, 17 *Mass.*, 395 ; *Roby* v. *West*, 4 *N. H.*, 285 ; *Bancroft* v. *Dumas*, 21 *Vermont*, 456 ; *Boutwell* v. *Foster*, 24 *Vermont*, 485 ; *Buck* v. *Alba*, 26 *Vermont*, 184 ; *Brackett* v. *Hoyt*, 9 *Foster, N. H.*, 267 ; *In. Co.* v. *Harvey*, 11 *Wis.*, 394.

MASON, Ch. J., after stating the contract and the act of Congress, proceeded : —

It is by virtue of his affidavit, in which he swears that the entry is for his exclusive use and benefit, and not directly for the use or benefit of another, that the homesteader is permitted to enter the land in the first instance. If he abandon the land, or be absent from it six months during the five years, it reverts to the government. This provision is designed to secure a continuance of the state of things to which, in his first affidavit, the homesteader swears ; and then, to prevent any evasion, by mortgaging the land, or by contracting debts, and letting it be charged by judgment and sold on execution, it is explicitly provided that the tract shall not be liable to debts contracted before the issue of the patent ; and then, when the patent is to be issued, he must swear that no part of the land has been aliened.

These provisions, if they do not directly prohibit the making of this contract, do yet most clearly indicate a policy adverse to such contracts. The cases are numerous in which it has been held that such contracts are void. *Marshall* v. *The Baltimore and Ohio Railroad*, 16 *How.*, 314 ; *Coppell* v. *Hall*, 7 *Wallace*, 542. The Court will not lend its aid to the enforcement of such con-

DAWSON *v.* MERRILLE.

tracts by decreeing their specific performance or other-wise.

The judgment of the District Court was right, and must be affirmed.

Judgment affirmed.