E. F. SIMMONS, PLAINTIFF IN ERROR, V. JOHN YURANN, DEFENDANT IN ERROR.

**Real Estate:** CONTRACT FOR CONVEYANCE: CONSIDERATION. In an action upon a contract for the conveyance of real estate when title should be acquired under the U. S. Homestead law, and providing for part payment in breaking prairie at $2.50 per acre, the breaking to be paid for in cash if the land was not conveyed, *Held,* 1. To recover for the breaking the petition must state the failure to convey. 2. The alleged illegality of the contract would not defeat a recovery of the price of the breaking.

ERROR to the district court for Hamilton county. Heard before POST, J., on demurrer to petition. Demurrer overruled and defendant Simmons electing to stand thereon, judgment was rendered against him, to review which he brought the cause up on a petition in error.

*J. L. Miller* and *J. H. Smith,* for plaintiff in error. Contract is void, and the court will not lend its aid to its enforcement by decreeing specific performance or otherwise. Nor can value of labor under said illegal contract be recovered. *Clark v. O. & S. W. R. R.,* 5 Neb., 314. 1 Story on Con., § 769. *Sellers v. Dugan,* 18 Ohio, 489. *Moore v. Adams et al.,* 8 Ohio, 373. *Williams et al. v. C. R. I. & P. R. R. Co.,* 4 N. W. R., 870. *Lea v. Collins,* 4 Sneed (Tenn.), 393.

*A. W. Agee* and *A. J. Rittenhouse,* for defendant in error. Admitting that the contract, so far as it provided for the conveyance of the land, was void, yet as Yurann was not *in pari delicto* with Simmons, although he cannot enforce specific performance of the contract to convey the land, he can enforce the contract to pay in money for the work performed. *Kerrison v. Cole,* 8 East, 236. *Howe v. Synge,* 15 East, 440. *Wigg v. Shut-*

*tleworth,* 13 East, 87. *State of Ohio v. Findley,* 10 Ohio, 51. *Nebraska City v. Gas Co.,* 9 Neb., 315. *Congress and Empire Spring Co. v. Knowlton,* "The Reporter," Vol. XI, No. 12, p. 389. *Milne v. Hubee,* 3 McLean, 212. *Wooten v. Miller,* 7 S. & M., 380. *Adams v. Rowman,* 8 S. & M., 624. *Bates v. Watson,* 1 Sneed (Tenn.), 376.

BY THE COURT.

This is an action upon a written contract to recover for the breaking of forty acres of prairie. The following is a copy of the contract:

"Article of agreement entered into this 3d day of May, 1874, between E. F. Simmons and John Yurann, witnesseth: That E. F. Simmons hath sold and doth agree to convey in fee simple unto said John Yurann, by a good and sufficient deed of general warranty, when the said E. F. Simmons receives the same from the U. S. Land Office, the following premises situated in the county of Hamilton and State of Nebraska, the following real estate, to-wit: The s. ½ of the s. w. qr. section 34, town. 9, r. 6 west. And the said John Yurann does hereby agree to pay the said E. F. Simmons the sum of two hundred and forty (240) dollars, in the manner following: One hundred dollars worth of breaking between the 1st day of May and the 4th day of July, 1874, if possible; if not, the balance during the same season 1875; the balance, $140, at the time of receiving deed. In case the said E. F. Simmons does not receive deed for the same, he shall pay to the said John Yurann cash at the rate of $2.50 an acre for breaking done. In testimony whereof, the said E. F. Simmons and John Yurann have hereunto set their hands and seals.

"E. F. SIMMONS, [seal.]
"JOHN YURANN. [seal.]"

A demurrer to the petition was overruled and judgment rendered in favor of Yurann.

The question to be determined is the sufficiency of the petition. The contract is set out in the petition, and it is alleged that Yurann broke up forty acres of prairie for Simmons, as provided in the contract, and that he has fully complied with the requirements of the same on his part; but that Simmons has not paid for said breaking, nor any part thereof. But there is no allegation that Simmons is unable or has refused to convey the premises described in the contract. For aught that appears in the petition, Simmons may be the owner of this land, and be ready to convey the same. Yurann is entitled to payment in money only in case he fails to receive a deed, and the petition should state that Simmons cannot or will not make a deed; in other words that there is a breach of the contract to convey. As the petition is defective in this respect the judgment of the court below must be reversed. We place no stress upon the form of the contract. As to whether or not the alleged illegality would defeat an action thereon for specific performance, is not before the court. Where a contract is prohibited by statute, a court will not lend its aid to enforce performance of the same. But a case must fall clearly within the prohibition before its enforcement will be denied. As a rule public policy is best subserved by requiring a party receiving the labor or property of another under a contract, to pay the price agreed upon for the same. The case at bar is a fair illustration. Simmons contracted to convey a portion of his homestead or pre-emption, when he acquired title, the consideration being forty acres of breaking and $140 in money, he promising to pay $100 for the breaking if he failed to obtain title. The breaking was done for him as required; but when he is asked to pay for the

same, he in effect answers, "I had no authority to make the contract, and am not liable thereon." He at least had authority to contract for the breaking, and it having been performed and accepted by him, he is liable for its payment. The judgment of the district court is reversed and the case remanded for further proceedings.

REVERSED AND REMANDED.