DANIEL E. BATEMAN, PLAINTIFF IN ERROR, V. JAMES M. ROBINSON, DEFENDANT IN ERROR.

1. Contract: CONSIDERATION. B. having a pre-emption claim upon the public lands, made an arrangement with R., to enter the same with soldiers' additional eighties and convey to him, R. being paid $300.00. *Held*, That upon a failure to convey, B. could maintain an action against R. to recover the consideration.

2. ———: ———. Where acts are merely prohibited by statute, and the parties are not *in pari delicto*, the party upon whom no penalty is imposed may upon non-performance maintain an

action against his co-contractor, to recover the amount advanced on the contract.

ERROR to the district court for Lancaster county. Heard below before WEAVER, J., of the first district.

*Mason & Whedon,* and *Harwood & Ames,* for plaintiff in error.

*Lamb, Billingsley & Lambertson,* for defendant in error.

MAXWELL, J.

This action was brought in the district court of Lancaster county, to recover the sum of $300.00 with interest. A demurrer to the petition was sustained and the action dismissed. The plaintiff brings the cause into this court by petition in error. The following is a copy of the petition:

" The said Daniel Bateman complains of the said James M. Robinson, defendant, and for cause of action against said defendant shows:

*First,* That heretofore, viz: on the 23d day of May, A. D. 1876, the said plaintiff and defendant made and entered into a certain contract, and reduced the same to writing in the words and figures following, to-wit:

STATE OF NEBRASKA, ⎫ ss. Be it known, that on this
LANCASTER COUNTY. ⎭ day and between J. M. Robinson, party of the first part, and D. E. Bateman, party of the second part, made and entered the following agreement: J. M. Robinson, for and in consideration of the sum of three hundred dollars cash, agrees to and with the party of the second part, to enter or cause to be entered by soldiers add'l eighty entries, and give warrantee deed and United States final registers certificate for (160) one hundred and sixty acres, now held by preemption by the said Bateman, viz: The s. w. one-fourth of section 4, town. 18, range 9, west, in said Rice

county, Kansas, and the said party of the second part avers, that he holds a preemption claim on said tract of land that is valid, which he hereby agrees to hold intact upon the records of said land office, and is to pay to the said party of the first part, the sum of $300.

J. M. ROBINSON,

D. E. BATEMAN.

Plaintiff says that on the 23rd day of May, A. D. 1876, he paid the said defendant the said sum of three hundred dollars.

Plaintiff avers, that he the said plaintiff has in all things kept and performed his part of said agreement, but that the said defendant has failed, neglected and refused to perform his part of said agreement in every particular whatsoever, and doth still fail and refuse to perform his part of said agreement, and that the said defendant intending and contriving to cheat, swindle, wrong and defraud this plaintiff, has refused, and doth still refuse, to keep and perform his part of said agreement, made and entered into as aforesaid and every portion thereof. Wherefore, plaintiff prays judgment against said defendant for the said sum of three hundred dollars with interest thereon, from the said 23rd day of May, A. D. 1876, and costs.

This is not an action to enforce specific performance of the contract to convey, but to recover money paid thereon. The defendant received this money as the consideration for the land, but is now unable, or refuses to perform the contract. Can he be allowed to retain the money thus received? We think not. The case is similar to that of *Simmons v. Yurann*, 11 Neb., 516. In that case Simmons contracted to convey a portion of his homestead or pre-emption, when he acquired title thereto, in consideration of forty acres of breaking and $140.00 in cash. The breaking was done as agreed upon, but when asked to pay therefor his answer was the same as in this case.

The court held that he was liable for the price of the breaking.

The rule is well established that a *particeps criminis* cannot invoke the aid of a court; but this rule does not apply to all cases. If the party seeking relief, although *particeps criminis*, yet is not *in pari delicto*, the rule does not apply.

This distinction seems to have been taken for the first time in the case of *Smith v. Bromley*, 2 Doug., 696, and was there applied to cases where the law was intended to protect one of the parties from particular acts of oppression, such as usury, but the rule has since been applied generally.

In *Jaques v. Golightly*, 2 Wm. Blacks., 1073, the action was brought to recover money paid by the plaintiff to the defendant as a premium for insuring lottery tickets, the transaction being prohibited by statute. It was claimed that the plaintiff being *particeps criminis* could not recover. But it was held that the action could be maintained. Blackstone, J., said it was not like the stock jobbing act, " because there both parties are made criminals and subject to penalties."

In *Browning v. Morris*, 2 Cowp., 790, Lord Mansfield draws the distinction between acts which are *mala in se*, such as bribery, and such as are prohibited by statute. He says : " For instance, in bribery, if a man pays a sum of money by way of a bribe, he can never recover it in an action, because both plaintiff and defendant are equally criminal. But where contracts or transactions are prohibited by positive statute for the sake of protecting one set of men from another set of men ; the one from their situation and condition, being liable to be oppressed or imposed upon by the other ; there the parties are not in *pari delicto ;* and in furtherance of these statutes, the person injured after the transaction is finished and completed may bring his action and defeat the contract.

\* \* .\* And it is very material that the statute itself, by the distinction it makes, has marked the criminal; for the penalties are all on one side. \* \* \* The man who makes the contract is liable to no penalty,"

The same question arose in *Williams v. Hedley*, 8 East, 378, and the cases above cited are referred to by Lord Ellenborough, and the doctine approved.

In the case of *Inhabitants of Worcester v. Eaton*, 11 Mass., 368, Parker, C. J., after referring to the principle laid down in the cases of *Smith v. Bromley*, and *Browning v. Morris*, says: "This distinction seems to have been afterwards observed in the English courts, and being founded in sound principle is worthy of adoption as a principle of common law in this country."

In the case of *White v. Franklin Bank*, 22 Pick., 181, the action was brought to recover money which the plaintiff had deposited with the defendant under an agreement that it should remain for a specific time, in violation of a statute which prohibited the bank from making a contract "for the payment of money at a future day certain." It was held that the action would lie, and the doctrine of the English cases above cited was fully approved.

In the case of *Lowell v. Boston & Lowell R. R. Co.*, 23 Pick., 24, the question again arose. The court say (page 32): "The general rule of law is, that where the parties participate in the commission of a criminal act, and one party suffers damages thereby, he is not entitled to indemnity or contribution from the other party. Our law, however, does not in every case disallow an action by one wrongdoer against another, to recover damages incurred in consequence of their joint offense. The rule is, *in pari delicto potior est conditio defendentis*. If the parties are not equally criminal, the principal delinquent may be held responsible to his co-delinquent for damages incurred by their joint offense. In respect to

offenses in which is involved any moral delinquency or turpitude, all parties are deemed equally guilty, and courts will not enquire into their relative guilt. But where the offense is merely *malum prohibitum* and is in no respect immoral, it is not against the policy of the law to inquire into the relative delinquency of the parties, and to administer justice between them, although both parties are wrongdoers." See also *Atlas Bank v. Nahant Bank,* 3 Met., 581.

In the case of *Schermerhorn v. Talman,* 14 N. Y., 93, there is an elaborate review of authorities, and the doctrine of the English and Massachusetts cases cited is fully approved. The rule laid down in the cases above cited is based upon reason and sound principle, and is fully approved by us, and it is decisive of the case. Even if the contract was prohibited by statute, which we do not decide, still the parties were not *in pari delicto,* as there is no penalty imposed on a party for selling his interest in land upon which he has a pre-emption claim. The contract amounts to this, Bateman having a pre-emption claim upon the public lands, which probably he was unable to enter from some cause that does not appear in the record, made an agreement with Robinson to enter the land and convey to him. Robinson received the consideration for the contract, but refuses to perform the same. Can he retain the consideration ? We think not. There are no facts stated in the petition that will defeat a recovery in such case. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.