JOSEPH A. BLANCHARD, ADMINISTRATOR, APPELLEE, V. WEALTHY ANN JAMISON, ET. AL., APPELLANTS.

1. **Practice:** SUBMITTING CAUSE ON PLEADING. Where a cause is submitted to the court on the petition, answer, and reply without evidence, only such matters of defense in the answer as are admitted by the reply, either by a failure to deny or by admission, are to be considered as established.

2. ———: REPLY: ADMISSIONS. An admission in a reply that the title to certain lands mortgaged was at the time of the execution of the mortgage in the United States, is not a valid defense, provided the mortgagor afterwards acquired title to the same.

APPEAL from Cass county. Tried below before POUND, J.

*Sam. M. Chapman,* for appellants.

*W. F. Chapin,* for appellee.

MAXWELL, J.

This is an action to foreclose a mortgage upon real estate. It is alleged in the petition that on the 12th day of June, 1873, one Andrew J. Robertson executed three promissory notes for the sum of $900 in the aggregate, with interest, and delivered the same to Calvin H. Blanchard, and to secure the payment of said notes executed a mortgage upon the south-west quarter of section twelve, in township ten north, range ten east, of the 6th P.M. ; that said mortgage was duly recorded in the office of the county clerk of Cass county, on the 7th day of August of that year; that on the 15th day of April, 1876, Robertson conveyed all his right, title, and interest in said premises to Sarah F. Frisbie, who in January, 1877, conveyed it to the defendant. It is also alleged that no part of the debt has been paid, and that no action at law has been instituted to recover the amount due. The prayer is for an ordinary decree of foreclosure.

To this petition the defendants, Wealthy Ann Jamison, Andrew J. Robertson, and Sarah F. Frisbie filed a joint answer, in which they admit the execution and delivery of the promissory notes and mortgage mentioned, but allege that the mortgage was executed prior to the entry and purchase of said land from the United States, and that the debt was contracted prior to the entry of said land by said Robertson. It is also alleged that said notes and mortgage were executed and delivered to said Blanchard in consideration of a homestead filing or entry upon said real estate, when in fact Blanchard did not have a homestead filing or filing of any kind upon said real estate or any part thereof.

The plaintiff demurred to the answer upon the ground that the facts stated therein were not a defense to the action. The demurrer was overruled, whereupon the plaintiff filed a reply, in which he admits that at the time of the execution of the mortgage in question the title to the land was in the United States, but alleges that said Robertson afterwards obtained title to the same by making an additional homestead entry, upon which a patent was issued from the United States. He denies that said notes were given for a homestead entry or filing which Calvin H. Blanchard had or represented he had on said land, but avers that they were given for the improvements on said land, consisting of a dwelling house, an orchard, and a large amount of breaking, which improvements were owned by said Blanchard, and sold by him to Robertson, and were of the full value of $1,000. The cause was submitted to the court upon the pleadings, and a decree of foreclosure rendered in favor of the plaintiff for the sum of $1,741.65 and costs. The defendants appeal to this court.

The questions presented by the answer are not available as a defense separately, either to Mrs. Frisbie or Wealthy Ann Jamison, if, as it appears from the record, they derived title from Robertson. But the answer being joint, any defense stated therein which is admitted in favor of

any of the defendants, will be considered. The case being submitted upon the pleadings, it is necessary first to determine what the issue is.

Sec. 134 of the code provides that: "Every material allegation of the petition not controverted by the answer, and every material allegation of new matter in the answer, not controverted by the reply, shall, for the purpose of the action, be taken as true; but the allegation of new matter in the reply shall be deemed controverted by the adverse party, as upon a direct denial or avoidance. Allegation of value, or of amount of damage, shall not be considered as true by failure to controvert them."

There being no proof in support of the answer, and the material facts therein stated, except as to the title of the land at the date of the mortgage, being denied in the reply, the notes and mortgage are admitted, and the only defense established is that Robertson executed the same while the title was in the United States.

In *Jones v. Yoakum*, 5 Neb., 265, it was held that the homestead act does not prohibit the owner of a homestead from pledging it voluntarily to secure a pre-existing debt, and that the only effect of the statute was to protect the debtor against a compulsory payment of such demand out of the land. This statement of the law is evidently correct, because, although the statute declares that the land shall not be liable for debts incurred prior to the patent being issued, yet it will not be contended that a conveyance of the land in payment of an antecedent debt would be void.

But it is said that it is against public policy to enforce a contract of this kind, being in contravention of the homestead law.

This question was before this court in the case of *Robinson v. Bateman*, 12 Neb., 508, and it was held, after a full examination of the authorities bearing upon the question, that where an act is merely prohibited by statute, and

the parties are not in *pari delicto*, the party upon whom no penalty is imposed may, upon the non-performance of the contract, maintain an action thereon against his co-contractor.   The same rule was applied in *Simmons v. Yurann*, 11 Id., 516.   In the case last cited it is said a case must fall clearly within the prohibition before its enforcement will be denied.   "As a rule public policy is best subserved by requiring a party receiving the labor or property of another under contract to pay the price agreed upon for the same."

There is no penalty imposed by the statute upon the person who merely purchases the lands entered by another as a homestead under the laws of the United States, all the penalties being imposed upon the person selling the same. And the same rule, doubtless, will apply to mortgagees.

The purchaser, therefore, or mortgagee is not in *pari delicto* with the person who enters the land, who cannot be permitted to plead his own illegal·act as a shield against the payment of property obtained by such contract.   Improvements upon the public lands are, by statute in this state, a sufficient consideration for a promissory note, and an action thereon may be maintained.   For aught that appears in the record, therefore, there was a sufficient consideration for the notes and mortgage, and the admitted facts are not sufficient to defeat the action.   If, as is alleged in the reply, the defendant Robertson obtained a house, orchard, and large amount of breaking upon this land, justice requires that he should pay for the same.

We have discussed this case as falling within the homestead laws, but the only evidence that the land was entered as a homestead is in the reply, and that being new matter is denied by the statute and requires proof.   It is very clear that justice has been done, and the judgment must be affirmed.

JUDGMENT AFFIRMED.