LEVI CARKINS, PLAINTIFF IN ERROR, V. JOSEPH AN-
DERSON AND HANNAH M. ANDERSON, DEFENDANTS
IN ERROR.

1.  Public Lands of the United States: SALE BY TIMBER
    CULTURE CLAIMANT: SPECIFIC PERFORMANCE. In 1874, one
    C. was possessed of a timber claim of 160 acres on public lands,
    upon which he had broken up about forty acres in 1875 ; he set
    out about twenty acres of this to timber in 1876; the claim with
    the improvements was worth about one thousand dollars; he
    sold the same to one A. upon consideration that he was to enter
    the same as a homestead under the laws of the United States,
    and after final proof to convey eighty acres of said land to C.;
    *Held*, That A. having obtained title to the land as the result
    of the transaction, would not be permitted to set up the illegality
    of the contract to permit him to retain the entire property.

2.  ———: SALE OF IMPROVEMENTS. Under the statute of Ne-
    braska all contracts, promises, undertakings, either written or
    verbal, made in good faith, and without fraud, collusion, or
    circumvention, for the sale, purchase, or payment of improve-
    ments made on the lands owned by the government of the
    United States, are valid in law and equity, and an action may
    be brought thereon and a recovery had as on other contracts.

ERROR to the district court for Adams county. Tried
below before MORRIS, J.

*A. H. Bowen*, for plaintiff in error..

*Batty & Castro* and *J. M. Woolworth*, for defendants in
error.

MAXWELL, CH. J.

In October, 1885, the plaintiff filed a petition in the
court below stating, that on December 16, 1876, defend-
ants owning and being in possession of the south half of
the south-east quarter of section 10, town 8, range 10, did

on said day sell the same to plaintiff, and entered into an agreement in writing of that date, whereby in consideration of one hundred dollars paid by plaintiff to defendants, said defendants sold said tract of land to plaintiff, and therein agreed to execute and deliver to plaintiff on or before May 1, 1881, a good and sufficient warranty deed to said premises, clear of all incumbrances, binding themselves, their heirs, executors, administrators, and assigns.

That plaintiff had performed all conditions on his part; that he has frequently demanded of defendants the fulfillment of said contract and the execution of said deed of conveyance, which they have ever and still refuse to make. Plaintiff prays for a decree requiring specific performance, and for such other relief as he may be entitled to.

The following is the contract upon which the action was brought:

"This agreement, made and entered into this 16th day of December, A. D. 1876, by and between Joseph Anderson and Hannah Anderson, his wife, of the county of Adams, and state of Nebraska, parties of the first part, and Levi Carkins, of Adams county, Nebraska, party of the second part, witnesseth: That the said parties of the first part have this day sold for and in consideration of the sum of one hundred dollars, to them in hand paid by the said Levi Carkins, the receipt whereof is hereby acknowledged, the following real estate, to-wit: The south one-half of southeast quarter of section ten (10), in town eight (8), range ten (10) west in Adams county, Nebraska.

"And the parties of the first part further agree with the party of the second part, that they will make and execute to him, on or before the first day of May, 1881, a good and sufficient warranty deed of said premises, clear of all incumbrance, and for the faithful performance of this contract they hereby bind themselves, their heirs, executors, administrators and assigns.

"In witness whereof, they have hereunto set their hands and seals this 16th day of December, 1876.

Signed,                    JOSEPH ANDERSON,

HANNAH M. ANDERSON.

Parties of the first part.

LEVI CARKINS,

In presence of                    Party of the second part.

L. P. HAWLEY."

The defendants filed an answer as follows: Denying that when the contract was made that they were owners, or in possession of said tract of land, and alleging that when the contract was made the land belonged to the general government; that contract was made to homestead tract under acts of congress. In March, 1877, Joseph Anderson, defendant, entered the tract with other land, as a homestead, and resided on and cultivated the land until March 31, 1884, when he made final proof at land office, and subsequently received patent for tract. That when he made contract he was ignorant and unacquainted with the law governing homestead; that plaintiff seeking to cheat and defraud defendants out of their rights, pretended that he had a claim on the land, and represented that if defendants would make contract he would convey his right to them. Defendant was thereby induced to make contract. That as soon as defendants learned contract was contrary to law they repudiated the same, and have ever since treated the same as null and void. That no consideration was paid for sale of land. That contract is void as against public policy.

Plaintiff filed his reply, denying that said contract was without consideration, and alleging that the consideration was valuable, to-wit: the transfer by plaintiff of property to defendants, which was received by defendants, and is still retained by them; that such property was worth more than $100.

There a trial to the court and judgment was rendered against the plaintiff, dismissing the action.

The testimony shows that in 1874 the plaintiff was possessed of a timber claim of 160 acres on the government land, and had broken up 40 acres of said land; that in 1875 he set out about 20 acres thereof with forest trees; that in 1876 the plaintiff sold the claim in controversy to the defendant Anderson, who was to enter the same as a homestead under the laws of the United States, and who, after making final proof, was to convey one-half of said land to the plaintiff.

Chapter 38 of the Comp. Statutes of Nebraska, provides that " All contracts, promises, assumpsits, or undertakings, either written or verbal, which shall be made hereafter in good faith, and without fraud, collusion, or circumvention, for sale, purchase or payment of improvements made on the lands owned by the goverment of the United States, shall be deemed valid in law or equity, and may be sued for and recovered as in other contracts."

Sec. 2. "All deeds of quit-claim or other conveyance, of all improvements upon public lands, shall be as binding and as effectual in law and equity between the parties, for conveying of the title of the grantor in and to the same, as in cases where the grantor has the fee simple to the premises."

This statute was in force when this contract was made and authorized a recovery for improvements on the public lands.

The defendants now refuse to execute the contract upon the ground that it is against public policy, and therefore void. This question was before this court in *Simmons v. Yurann*, 11 Neb., 518. *Bateman v. Robinson*, 12 Neb., 511. In the last case there was a re-argument ordered and the authorities were fully examined and cited, and it was held in substance that where acts are merely prohibited by statute and the parties are not *in pari delicto*, the party upon whom

no penalty is imposed, may upon non-performance enforce his contract against his co-contractor. *Jaques v. Golightly,* 2 Wm. Blacks., 1073.    *Browning v. Morris,* 2 Cowp., 790. *Williams v. Hedley,* 8 East., 378.    *Inhabitants of Worcester v. Eaton,* 11 Mass., 368.    *White v. Franklin Bank,* 22 Pick., 181.    *Lowell v. Boston & Lowell R. R. Co.,* 23 Pick., 24. *Schermerhorn v. Talman,* 14 N. Y., 93.    *Blanchard v. Jamison,* 14 Neb., 246.  This principle is recognized by the supreme court of the United States, and it has been held in a number of cases that when an illegal contract is completed, and money or property has been received by a joint owner by force of the illegal contract, he will not be permitted to retain the whole by setting up the illegality of the transaction by which he procured it; but must account to his associates.  *McBlair v. Gibbes,* 17 Howard, 237.  *Brooks v. Martin,* 2 Wall., 70, and cases cited.  *Wann v. Kelley,* 2 McCrary, 628.  *Planters Bank v. Union Bank,* 16 Wall., 483.

In this case the timber claim and improvements are shown, by the testimony, to have been worth about one thousand dollars this the defendant obtained under his promise to convey one-half the land to plaintiff.    The defendant's title to the land is the result of the entire transaction, and he cannot be permitted to retain the entire results upon the sole grounds that the means by which he obtained the same were unlawful.    The case of *Dawson v. Merrille,* 2 Neb., 119, is the only case cited by the defendant in support of his claim, and that case was practically overruled in *Simmons v. Yurann,* 11 Neb., 518; *Bateman v. Robinson,* 12 Neb., 511; and *Blanchard v. Jamison,* 14 Neb., 244.  We hold therefore that the plaintiff is entitled to the performance of the contract.  The judgment of the district court is reversed and a decree of specific performance will be entered in this court.

DECREE ACCORDINGLY.

THE other judges concur.