**SHANNON et al. v. POTTER et al.**

No. 10276—Opinion Filed Sept. 13, 1921.

(Syllabus.)

**1. Homestead—Conveyance by Husband Alone—Validity.**

An attempted conveyance by deed of the homestead of the family by a married man, given without the wife's consent in the manner prescribed by law, is void.

**2. Same—Effect of Subsequent Abandonment of Homestead.**

The weight of authority is to the effect that where the conveyance by one spouse of the homestead is void at the time of its execution, the subsequent abandonment of the homestead will not validate the conveyance.

**3. Same—Action to Quiet Title—Judgment—Evidence.**

The record examined, and held, the judgment of the trial court is clearly against the weight of the evidence.

Error from District Court, Cotton County; Cham Jones, Judge.

Action by Bertie Emma Potter, now Renner, and Bertha Edna Hauser against Isaac E. Shannon and wife to quiet title. Judgment for plaintiffs, and defendants bring error. Reversed and remanded.

Parmenter & Parmenter, for plaintiffs in error.

W. C. Stevens and W. A. Ruggles, for defendants in error.

McNEILL, J. The defendants in error commenced this action against Isaac E. Shannon and Burnie Shannon, husband and wife, to quiet title to 160 acres of land in Cotton county. The petition alleged defendants in error had purchased the land from Isaac E. Shannon and were in possession and had been for seven years. The plaintiffs in error. Isaac E. Shannon and Burnie E. Shannon, answered, alleging that at the time of the execution of the deed by Isaac E. Shannon to defendants in error the land was occupied by Isaac E. Shannon and Burnie E Shannon as their homestead, and that

Burnie E. Shannon did not join in the deed, nor did she consent to the sale of said premises, and by reason of said fact the deed executed by Shannon was void, and asked to have the title quieted in them.

The material facts may be summarized as follows: Isaac E. Shannon homesteaded said land and obtained a patent for the same in February, 1908. At that time he was a widower and the father of several minor children, and all resided on said land. In 1910 he married a widow (now Burnie Shannon) who was the mother of two minor children, and thereafter all of them resided on the land in question. On June 21, 1911, Burnie Shannon, for the consideration of $1, executed a warranty deed for an undivided one-half of her homestead interest in said land to Isaac E. Shannon. After the execution of said deed by Mrs. Shannon the parties all continued to reside upon said premises as a homestead. In December, 1911, Burnie E. Shannon left the premises, whether separating from the said Isaac E. Shannon or to visit a daughter is not certain, anyway she did not return, and while she was absent, on the 3rd day of February, 1912, Isaac E. Shannon, for a consideration of $5,500, sold the land to the defendants in error and executed a warranty deed to the same, and in about ten days delivered possession. The defendants in error have had possession there of up to the present time. After selling the land Isaac E. Shannon visited with some of his relatives for about 30 days, and then went to where Burnie Shannon was and they have lived together as husband and wife since said time, in various cities and towns in the state, to wit. Tulsa, Cushing and Oklahoma City, and Lawton, and other places. At the time of the institution of this suit. on the 29th day of March, 1918, the Shannons were living at Lawton, Oklahoma. They have never occupied the land since February, 1912, nor attempted to do so.

The evidence disclosed that the defendants in error paid Shannon some $600 or $700 in cash and assumed a mortgage for $2.180 and deeded certain other property to him, the deed to the other property being taken in the name of his sister. Whether the property deeded to his sister has been transferred or sold and the money expended is not clear from the record.

There is some dispute over the representations Shannon made to the defendants in error at the time of the execution of the deed regarding his wife, and why it was unnecessary for her to sign the deed. The conduct of the defendant Shannon is very reprehensible. At the time of the execution of the deed the land was unquestionably the homestead, and the wife failed to join in the conveyance. This court, in a long line of decisions, is committed to the following rule:

"An attempted conveyance by deed of the homestead of the family by a married man, given without the wife's consent in the manner prescribed by law, is void." Whelan v. Adams, 44 Okla. 696, 145 Pac. 1158.

The defendants in error contend that there was an abandonment of the homestead, and the trial court so found. The uncontradicted evidence is that the abandonment did not occur until after the execution of the deed. This court, in the case of Kelly v. Mosby, 34 Okla. 218, 124 Pac. 984, said:

"The weight of authority is to the effect that where the conveyance by one spouse of the homestead is void at the time of its execution. the subsequent abandonment of the homestead will not validate the conveyance."

The evidence is almost conclusive that both the husband and the wife abandoned the premises after the execution of the deed, but there is no evidence that the husband and family abandoned the same prior to the execution of the deed.

This being an equitable action, and the judgment of the trial court being clearly against the weight of the evidence, it is the duty of this court to set aside said judgment and render the judgment the trial court should have rendered. Under the facts the Shannons are entitled to have said deed set aside and the defendants in error are entitled to judgment against Shannon for the amount of the consideration paid. The defendants in error have paid certain portions of the mortgage upon the premises and are entitled to be subrogated to the rights of the mortgagee. Whether the judgment against Shannon will be a lien against the land, because the homestead has been abandoned since the execution of the deed, it will be unnecessary to determine at this time.

The case is reversed and remanded with instructions to cancel the deed and to ascertain the exact amount of consideration paid to Shannon and render judgment in favor of the defendants in

error and against Isaac E. Shannon for said amount, and to subrogate defendants in error to. the rights of the mortgagee as to the part of the mortgage paid by them and to make a full and complete adjudication of the rights of the parties to the litigation.

HARRISON, C. J., and PITCHFORD, ELTING, KENNAMER, and NICHOLSON, JJ., concur.