SEYFER et al. v. ROBINSON et al.

No. 14205—Opinion Filed Sept. 18, 1923.

Rehearing Denied Nov. 6, 1923.

**1. Specific Performance—Contract to Buy Real Estate—Insufficiency of Record Title.**

Where, in a contract for the sale of real property, the sellers agreed to deliver a "good and sufficient" title and to furnish an abstract showing title in them, and the buyer agreed to pay therefor the sum of $4,000, payable as follows: $500 on the signing of the agreement and $3,500 on delivery of the deed, and the buyer deposited the $500 in bank to await signatures to the contract, and, at the time of the trial in an action brought by the sellers to enforce specific performance, the sellers tendered into court and offered in evidence an abstract which shows that the sellers hold as devisees under a will admitted to probate in another state and admitted to probate in this state as a foreign will under sections 1112, 1113, and 1114, Comp. Stats. 1921, and did not show that any final decree or other order of the probate court had been entered showing that due notice to creditors had been given, or that all claims against the estate, if any, had been paid or barred, and no final decree or other order showing that the expenses of administration had been paid or provided for, held, such abstract does not show such record title as the court will require the buyer to take.

**2. Same—Return of Consideration.**

Held, further, the consideration for the $500, so deposited by the seller having failed, the trial court did not err in rendering judgment in favor of the buyer for $500.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by John Robinson against Joseph F. Seyfer, Iva Leona Seyfer, and William Walter Seyfer. Judgment for plaintiff, and defendants appeal. Affirmed.

S. H. Lattimore and Wm. A. Killey, for plaintiffs in error.

William B. Moore, for defendants in error.

Opinion by RAY, C. This action arises upon a contract of sale of 40 acres of land in Muskogee county entered into August 31, 1920, the material parts of which are as follows:

"And the said parties of the first part agree to deliver to the said party of the second part a good and sufficient title to said land, provided that the party of the second part, his heirs and assigns pay to the parties of the first part, their heirs or assigns, for said land, the sum of $4,000, payable as follows: The. sum of $500 on the signing of this agreement and the sum of $3,500 on delivery of said deed, which said deed has to be deposited in escrow in the First National Bank of Oktaha, Oklahoma, and to be delivered to said party of the second part, upon the payment of the balance of said purchase price, on or before December 1st, 1920.

"It is understood that first parties will furnish abstract to said land showing title in them."

The contract was signed by Joseph F. Seyfer and Robinson and placed in escrow in the First National Bank of Oktaha, and Robinson deposited in the bank the $500 required

by 'the contract. The cashier of the bank then forwarded the contract to Colorado where it was signed by William Walter Seyfer and Iva Leona Seyfer and returned. The cashier of the bank, under instructions from Joseph F. Seyfer, caused an abstract of title to be made and delivered it to Robinson, who delivered it to his attorney for examination. September 30, 1920, the attorney returned the abstract, together with his opinion to Robinson, and Robinson immediately returned the abstract and the opinion of his attorney to the First National Bank from which he received it. The opinion pointed out a number of defects in the title and advised against its acceptance. August 29, 1921, Robinson commenced an action to recover the $500 upon the ground that the Seyfers had not complied with their contract. The bank answered that it held the money under the contract, and asked the court to determine the question as to whether it belonged to Robinson or to the Seyfers. Issues were joined by which Robinson claimed the return of the $500 and the Seyfers claimed that they were entitled to the $500 and the specific performance of the contract.

At the beginning of the trial the Seyfers tendered into court their abstract of title and deeds conveying the property to Robinson. Judgment was in favor of Robinson for the $500, which he had placed on deposit with the bank, and against the Seyfers and they appeal. The principal question is, Does the abstract show such title in the seller as the buyer will be compelled to take?

This court has held in Campbell v. Harsh, 31 Okla. 436, 122 Pac. 127, after a review of the authorities, that:

"A perfect title is one free from litigation, palpable defects, and grave doubts, and consists of both legal and equitable title fairly deducible of record."

Turner, J., speaking for the court, quoted with approval Warvelle on Abstracts, 36, as follows:

"Though the title vests in the heirs by operation of law immediately on the death of the ancestor, yet purchasers desire, and should have, affirmative evidence that the person asserting same is justified in so doing, and this is furnished by the proceedings of the probate court. In all abstracts the interval of title between the deed by which the decedent became seized and that which purports to be a conveyance by the heirs should be filled by a summary or abridgment of the proceedings in probate, showing the death of the intestate, proof of heirship by those asserting title, and a satisfactory settlement of the estate"

—and from Sugden on Vendors, c. 10, sec. 3:

"To enable equity to enforce the specific performance against a purchaser, the title to the estate ought, like Caesar's wife, to be free even from suspicion; for it would be an extraordinary proceeding for a court of equity to compel a purchaser to take an estate which it cannot warrant to him. It has, therefore, become a settled and invariable rule that a purchaser shall not be compelled to accept a doubtful title: and the court will not have regard to its own opinion only, but will take into account what the opinion of other competent persons may be."

Many objections were urged to the abstract, but in our opinion the case must be disposed of upon the objection that the estate of John F. Seyfer, from whom the Seyfers deraigned title, had not been administered in this state. The Seyfers held title to the property as devisees of John F. Seyfer, deceased, whose will was admitted to probate in Holt county, Mo., on the 12th day of August, 1915. May 29, 1920, upon petition of George Leahmer, executor of the will in the state of Missouri, the same was admitted to probate in Muskogee county under sections 1112, 1113, 1114, Comp. Stat. 1921 as a foreign will, and the said George Leahmer was appointed executor and duly qualified, appointed a resident agent, and gave notice to creditors by posting and publication, the proof of which was made, but no other proceedings were had so far as disclosed by the abstract. The last order made in the case was that admitting the will to probate.

Not passing upon the title of plaintiffs in error, we think the record does not show that they can convey a merchantable title. Before specific performance may be decreed, the record must show that the indebtedness has been paid or that there was no indebtedness. The court cannot presume that those things necessary to clear the title have been done. It must appear of record. The law makes the indebtedness of the deceased, the expense of administration, including the compensation and necessary expenses of the executor, proper charges against the estate. In State ex rel. Mann v. Superior Court of Thurston County (Wash.) 100 Pac. 198, under statutes similar to ours, where the will had been probated in California and was offered for probate as a foreign will as in this case, it was held that one of the purposes of administration is the payment of the debts of the deceased and the barring of claims against the estate, and that the administration proceedings in California were ineffective to bar claims by creditors in Washington.

Thompson on Title to Real Property, section 493, lays down the rule that:

"A person having a claim against the decedent is not required to make proof thereof in a foreign state, but may enforce his statutory lien against the land in the state of his domicile. These statutory liens can be extinguished only by proper probate of the foreign will in the state of such creditor's domicile."

When the abstract and deeds were tendered into court, more than two years subsequent to the purported proof of publication and posting notice to creditors, the abstract so tendered showed no other act of the excutor or decree or other order of the court. We think that specific performance cannot be decreed in the absence of a record showing that there are no outstanding debts against the estate and that the expenses of administration have been met.

Plaintiffs in error contend that if specific performance is denied they should have judgment for $500 deposited in the bank by Robinson at the time the contract was signed. We think not. It was deposited as a part of the consideration to be paid for the land, and when they failed. to furnish an abstract showing a good and sufficient title according to the contract, the consideration failed, and Robinson was entitled to a return of his money. We think the judgment should be affirmed.

By the Court: It is so ordered.