## ABBOTT et al. v. INDEPENDENT TORPEDO CO.

No. 13333—Opinion Filed March 18, 1924.

Rehearing Denied April 8, 1924.

1. **Vendor and Purchaser—Breach of Contract by Vendor—Right of Purchaser to Recover Down Payment.**

Where parties enter into a contract for the sale of real estate and the seller agrees to deliver an abstract showing the property to be free and clear of all incumbrances and agreeing to be ready to close the transaction within 30 days from the date of the contract, and the purchaser agrees to, and did, deposit $1,500 to be applied on the purchase price of said real estate and pay the balance when deed was tendered with satisfactory title, and the abstract showed incumbrances on the title which were not made satisfactory, and the purchaser after waiting four months gave notice that the deal was off and demanded his $1,500 returned, which was refused, held, that under the record in this case, the purchaser is entitled to recover $1,500 deposited by him.

2. **Homestead — Contract for Sale by Husband Alone—Invalidity.**

A contract for the sale of the homestead of the family by a married man, entered into without the wife's consent in the manner prescribed by law, is void.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Tulsa County; Albert T. Hunt, Judge.

The parties will be referred to as they appear in the court below. The plaintiff, the Independent Torpedo Company, a corporation, on the 1st day of April, 1920, entered into a written contract with the defendants Charles T. Abbott and Forest C. Welch, copartners, as agents of Ida B. Lewkowitz, in which the plaintiff agreed to buy from the said defendant Ida P. Lewkowitz the following described real estate in the city of Tulsa, to wit, lot 1 in block 2, Grandview Place addition to the city of

Tulsa, according to the recorded plat of said addition. The contract entered into between the parties is as follows:

"Received from The Independent Torpedo Company, $1,500, to apply on the purchase price of lot numbered one (1) block numbered two (2), Grandview Place addition to Tulsa, Okla., according to the recorded plat thereof.

"The full price of said property being $15,000 on the following terms: A further sum of $11,000 to be paid on presentation of a warranty deed showing the property to be free and clear of all encumbrances, excepting an existing mortgage of $2,500.

"The transaction to be closed and the property free and clear with the exception of the above mortgage within 30 days from date. The abstract of title to be brought down to date.

"It is hereby agreed and understood that the above mentioned mortgage is to be paid off on or before June 10th, and the owner agrees to stand all the interest on said mortgage above 6 per cent.

"If the title is not good and cannot be made good within a reasonable time the above $1,500 to be returned to the purchaser.

"Abbott & Welch by
"Chas. T. Abbott.
"The Independent Torpedo Co.
"By C. K. Abbott.

"I approve of the above sale on this 1st day of April, 1920, and agree to give Abbott & Welch the usual commission of 5% on the first five thousand and 2½% on the balance.

"Ida B. Lewkowitz, Owner
"By I. B. L."

It will be observed from this contract that the plaintiff put up with Abbott and Welch, who were representing Ida B. Lewkowitz, the sum of $1,500 as part payment of the purchase price of said real estate, the purchase price agreed on being $15,000 and plaintiff was to pay the further sum of $11,000 on presentation of a warranty deed showing the property to be free and clear of all incumbrances except an existing mortgage for $2,500, the transaction to be closed within 30 days from the date of the contract. Plaintiff claims that the contract entered into is void because it was never executed by Ida B. Lewkowitz in such manner as to become a binding contract for the sale of the real estate, and to bind the said defendant to perform the same because she did not sign said contract with her own signature, nor authorize the signing of same according to law. Plaintiff further alleges that the deed of dedication, in pursuance of which the said addition was dedicated and platted, provided, among other things, that

no apartment house should be built upon any part of the said addition for a period of ten years; that the house upon the above described lot is an apartment house, and was built within the ten year period, and without the consent of other purchasers of lots in the said addition; that the title was further defective in that one Mr. Zeigler, was occupying one of the apartments in the building located upon the above described lot at the time of the attempted sale, and had placed upon record a memorandum in writing, claiming some right in and to the above described premises, and the possession thereof adverse to the said Ida B. Lewkowitz. That said Zeigler refused to vacate the said premises, and is now in possession of the same and litigation has followed and is now pending between the defendant Ida B. Lewkowitz and the said Zeigler for the possession of the said premises; that said defendants were neither able to give plaintiff possession of the said premises within the period of 30 days nor within a reasonable time, nor were they able to furnish plaintiff a good and sufficient title to the above described premises as provided in their alleged agreement. Plaintiff further states that the said contract should be by order of the court held null and void and of no effect; and that the plaintiff herein should have and recover of and from the defendants the sum of $1,500, with interest thereon at the rate of six per cent. per annum from May 1, 1920, and costs.

The defendants demurred to the petition of the plaintiff generally and specifically. Said demurrer was overruled by the court and thereafter the defendants filed separate answers. The defendant Ida B. Lewkowitz says that Abbott and Welch were her authorized agents for the purpose of negotiating a sale of her property, described in plaintiff's petition, and that she, by and through her said agents, entered into a good and binding contract for the sale of said property to the plaintiff, as alleged in its petition, which contract she duly ratified and at all times acted upon the same, with the full intention to be bound by it, and carried out said transaction as set forth in said contract; that on the 3rd day of August, she and her husband executed a warranty deed to said premises, and on said day made a tender and offered to deliver said deed to plaintiff for the full purpose and intention of conveying the plaintiff the fee simple title to the said property, but that plaintiff refused to accept said deed and refused to carry out its part of said contract, which tender was made prior to the institution of this suit. She alleges that she has been ready and willing to carry out said contract, but that plaintiff has wholly failed to carry out the contract on its part. She admits that the plaintiff paid her agents, Abbott and Welch, for her use as a part of purchase price of her said property, the sum of $1,500, and that she at all times has been willing to accept said money as part of the purchase money and fully abide the terms of said contract, according to the terms and conditions of said contract and agreement, and now tenders into court the warranty deed, above mentioned, to plaintiff if it will accept same under the terms and conditions of said agreement and contract. She further alleges that in order to remove the objection that the house was an apartment house, she procured a waiver from the owner of said addition of any objections to said house as an apartment building, and denies generally all other allegations of plaintiff's petition.

The defendants Abbott and Welch answer jointly, admit entering into the contract of sale as the agent of Ida B. Lewkowitz, and that they received $1,500 from the plaintiff for the use of the defendant Ida B. Lewkowitz, which was to be applied as a part of the purchase price, and they are now holding the same for the completion of said transaction as the money of Ida B. Lewkowitz; that they were at the time engaged in the real estate business and had been for a long time prior thereto, and that they had full power and authority from the said Ida B. Lewkowitz to enter into the said contract. The plaintiff filed a reply to each of said answers which is in the nature of a general denial. On the 23rd day of January, 1921, the case was tried before the court and a jury and after plaintiff introduced its evidence, defendants demurred to plaintiff's evidence, which demurrer was overruled, and defendants refused to proceed further, and the court directed a verdict for the plaintiff for the amount sued for. Motion for new trial was filed and overruled, time taken to prepare and serve case-made, and the case was appealed to this court.

J. J. Henderson, for plaintiffs in error.

G. C. Spillers, for defendant in error.

Opinion by MAXEY C. The vital question in this case is whether the plaintiff, The Independent Torpedo Company, is entitled to recover the $1,500 that it deposited with the agents of the defendants to apply on the purchase price of the property in controversy. The contract provides for the deposit of $1,500 to apply on the purchase price; that the purchase price was to be $15,000, $11,000 to be paid on presentation of a war-

ranty deed, showing the property free and clear of all incumbrances except an existing mortgage of $2,500. The transaction was to be closed and the property free and clear with the exception of the said mortgage within 30 days from date; abstract of title to be brought down to date; that the mortgage debt was to be paid off on or before June 10; that if the title was not good and could not be made good within a reasonable time the $1,500 was to be returned to the purchaser. The evidence shows that an abstract of title was furnished to the purchaser, who submitted it to its attorney, and it was examined by him and certain defects in the title pointed out, among which was that there was a restriction on apartment houses in the dedication deed for a period of 10 years, and that the house that plaintiff was proposing to purchase was an apartment house; that there was unpaid taxes and special assessments against the property; that one Zeigler was occupying the upper apartment and had a lease on that apartment which did not expire until the 30th day of November, 1919, and provided for a longer period at a rental of $75 per month in advance for such time as he might occupy same. The only one of these defects pointed out that was attempted to be corrected was the one with restrictions against apartment houses. The defendants obtained a waiver on the part of the residence owners of the block of that restriction, and agreed that the house in question should not be considered an apartment house. The plaintiff was anxious to get possession as it either had to get possession of this property by the first of May or make other arrangements. Zeigler would not vacate and remained in the house until after this suit was brought. Suit had been brought against Zeigler for possession at the time this suit was instituted, and some time thereafter the defendants settled with Zeigler by way of a compromise. The plaintiff gave notice to the defendants somewhere about the first of August that they desired to call the trade off, as they had made other arrangements for a home, and demanded a return of the $1,500. The defendants refused to return same, and on the 4th day of August, 1920, four months after the date of the contract of sale, and on the trial of the case, the defendants tendered into court a deed to the property. The tender was in the following words:

"We now make you a tender of this deed in court, a conveyance, it is a warranty deed conveying lot one in block two, Grandview Place Addition to the City of Tulsa, Oklahoma, according to the recorded plat thereof, dated on the 3rd day of August, A. D. 1920, signed by Ida B. Lewkowitz and her husband, L. D. Lewkowitz, and acknowledged before Forest C. Welch, notary public, on August 3rd, 1920, with seal attached."

And the objections to the tender are set out as follows:

"Now if the court please plaintiff refuses to accept this deed for the following reasons: Because the deed was not presented within the time required by the contract; because not tendered within reasonable time; because defendant did not present a title that was clear; because defendants did not comply with the requirements and perfected their title; and the title is now incumbered; because there was no binding contract; because one Zeigler claimed a contract of purchase; that the deed tendered and the abstract shows the property encumbered, special assessments; because plaintiff notified defendant it elected to rescind the contract and had purchased other property; because litigation followed between Ida B. Lewkowitz and H. C. Zeigler, for the possession of the property, and was finally settled by stipulation between them resulting in the case being dismissed, in favor of H. C. Zeigler, and at the cost of Mrs. Lewkowitz."

There are three propositions relied upon by defendant in error for a recovery in this case and to sustain the judgment of the trial court: First, that the contract is void because the wife did not join in the contract of sale, and that the property was a homestead, and there was no consideration for the $1,500; second, that the title tendered was not tendered in time, nor was it a marketable title at the time it was tendered; third, that under the facts in the case, the plaintiff is entitled to a return of its money. The first proposition is based on the ground that the wife did not join in the contract, and plaintiff cites in support of that proposition the following authorities from other courts: Kine v. Turner, 27 Ore. 356, 41 Pac. 664; Oaks v. Heaton, 44 Iowa, 116; McCrillis v. Copp, 31 Fla. 100, 12 South. 643; Dawson v. Merrille, 2 Neb. 119; Mellison v. Allen, 30 Kan. 382, 2 Pac. 97; Anderson v. Carkins, 135 U. S. 483, 34 L. Ed. 272; and, also, the case of Bishoff v. Myers, 101 Okla. 36, 223, Pac. 165. This case is the latest expression from this court, and the contract in that case is very much like the case under consideration. The property was a homestead, and the husband signed the contract but the wife did not sign. The purchaser paid $600 on the purchase price at the time the contract was signed, and sued for the recovery of $600, and the second and third paragraphs of the syllabus to the opinion are as follows:

"2. Vendor and Purchaser—Rescission of Contract—Recovery of Partial Payment. A party who has contracted to buy real estate and has paid a portion of the consideration, and then refuses to pay the balance when due

under the contract of sale, the other party being ready and willing to fulfill all his stipulations according to said contract, will not be permitted to recover what he has paid, but where such other party is unable to convey a valid title to said property at the time the purchaser's other payment is due, the purchaser may recover such amount as has been paid.

"3. Homestead—Contract for Sale by Husband Alone—Invalidity. A contract for the sale of the homestead of the family by a married man, entered into without the wife's consent in the manner prescribed by law; is void."

And in the opinion of the court, the court said:

"This court in the case of Shannon v. Potter et al., 83 Okla. 66, 200 Pac. 860, held that an attempted conveyance by deed of the homestead of the family by a married man, given without the wife's consent in the manner prescribed by law, is void.

"It will therefore be seen that plaintiff in error had no authority to enter into the contract for the sale of the property involved herein, and that the $600 paid by the defendant was without consideration, and we therefore conclude that the trial court did not err in rendering judgment for the defendant for said amount."

In the body of the opinion, the court says:

"Mrs. Bishoff was not a party to the contract for the sale of the property, and nowhere does her testimony disclose that she had ever agreed or consented to the sale of her homestead. The evidence discloses, however, in one place that she did consent to let the defendant store part of her things on the back porch of the house of the premises involved. It does not appear however that this was done under the contract of sale, but upon condition that defendant would enclose the porch. Bishoff does testify, however, that he was ready and willing at all times to convey said property, but the deed in evidence shows the title in the same to be in both plaintiffs; and the reply of the plaintiffs not only alleges this to be a fact, but that the same was the homestead of the plaintiffs and that the contract of sale, not being signed by Mrs. Bishoff, was therefore null and void.

"This court in the case of Shannon v. Potter et al., 83 Okla. 66, 200 Pac. 860, held that an attempted conveyance by deed of the homestead of the family by a married man, given without the wife's consent in the manner prescribed by law, is void.

"It will therefore be seen that the plaintiff in error had no authority to enter into the contract for the sale of the property involved herein, and that the $600 paid by the defendant was without consideration, and we therefore conclude that the trial court did not err in rendering judgment for the defendant for said amount."

It will be seen that under the foregoing authorities the contract was void because not joined in by the wife in the manner provided by law. The second proposition is that the title was not marketable; and the third, that the plaintiff is entitled to a return of the $1,500. In view of our holding on the first proposition, it will not be necessary to go into details as to these two propositions, but suffice it to say that from an examination of the testimony we do not think that a good title was tendered. In these cases arising on contracts like this, the words good title, good title of record, marketable title, are used interchangeably, but they all hold that the title must be clear and convey the absolute fee simple to the land, and we do not think the title tendered in this case is sufficient to come up to that standard. On the question is plaintiff entitled to recover the money deposited, the question has been passed on by this court in a very recent decision that we think is very applicable to this case. That is the case of Seyfer et al. v. Robinson et al., 93 Okla. 156, 219 Pac. 902, and we quote from the first and second paragraphs of the syllabus of that case as it sets out the facts in the case sufficiently to show the application of that case to the case at bar:

"1. Specific Performance — Contract to Buy Real Estate—Insufficiency of Record Title. Where, in a contract for the sale of real property, the sellers agreed to deliver a 'good and sufficient' title and to furnish an abstract showing title in them, and the buyer agreed to pay therefor the sum of $4,000, payable as follows; $500 on the signing of the agreement and $3,500 on delivery of the deed, and the buyer deposited the $500 in the bank to await signatures to the contract, and, at the time of the trial in an action brought by the sellers to enforce specific performance, the sellers tendered into court and offered in evidence an abstract which shows that the sellers hold as devisees under a will admitted to probate in another state and admitted to probate in this state as a foreign will under sections 1112-1113, and 1114, Comp. Stats. 1921, and did not show that any final decree or other order of the probate court had been entered showing that due notice to creditors had been given, or that all claims against the estate, if any, had been paid or barred, and no final decree or other order showing that the expenses of administration had been paid or provided for, held, such abstract does not show such record title as the court will require the buyer to take.

"2. Same—Return of Consideration. Held, further, the consideration for the $500, so deposited by the seller having failed, the

trial court did not err in rendering judgment in favor of the buyer for $500."

The evidence of Mrs. Lewkowitz shows that the premises in question was the homestead, that they were living on it at the time, and were still living on it at the time of the trial. After a thorough review of the record and the briefs of the respective parties, and finding no reversible error in the record, we recommend that the judgment of the trial court be, in all things, affirmed.

By the Court: It is so ordered.